QUAYLE ET AL., APPELLANTS, *v.* VARGA, APPELLEE. ▮

[Cite as Quayle v. Varga (1975), 44 Ohio App. 2d 108.]

(No. 33642—Decided April 24, 1975.)

*Mr. Lawrence Landskroner,* for appellants.
*Mr. Foster J. Fludine,* for appellee.

MANOS, J. This appeal is from a verdict entered in favor of defendant-appellee on his motion made during the presentation but before the conclusion of plaintiff's case-in-chief in a jury case. The action was brought by Helene M. Quayle, mother and next friend of Carol Beth Quayle, a sixteen-year-old minor, who on July 26, 1966 sustained an eye injury while water skiing double[1] with a companion towed by a power boat owned and operated by defendant-appellee. The complaint alleged that defendant towed Carol Beth in a careless and negligent manner proximately causing her injury. Defendant answered denying the charge of

---

[1] Water skiing double is an activity in which two people ski side-by-side behind the same tow boat, as opposed to the more commonplace solo skiing in which only one person water skis behind the tow boat.

negligence and alleged the affirmative defense of assumption of risk.

Upon commencement of the trial, defendant's counsel moved for a directed verdict upon plaintiff's opening statement, which the court overruled. Thereupon plaintiff presented evidence in support of her case-in-chief. Carol Beth testified that she had previous experience in water skiing limited to solo performance; that on occasion mentioned, defendant operated his boat through the wake of another boat which had passed in front of him; producing choppy swells which caused her to lose her balance and fall into the water. She further testified that after she was in the water something struck her in the left eye seriously injuring the eyeball and the bone around it. At the conclusion of this testimony, defendant's counsel again moved for a directed verdict. Over the objection of plaintiff's counsel that such motion was untimely since he had several additional witnesses to testify before resting plaintiff's case, the court granted defendant's motion on the ground that the testimony of Carol Beth established proof of the defense of assumption of risk.

Plaintiff sets forth her assignments of error as follows:

1. The lower court erred in granting a directed verdict at a stage in trial before the close of Plaintiff's case when there was yet further evidence to be introduced which would have had a direct bearing upon the very ground on which the motion was granted.

2. The trial court erred when it directed a verdict for the defendant based upon an affirmative defense at a point in time before the defendant had introduced any evidence to substantiate the existence of such a defense.

3. The lower court wrongfully applied the doctrine of assumption of risk to the facts and circumstances in evidence.

The first assignment of error raises the issue of when a motion for a directed verdict can be made and whether the trial court was correct in this statement: "All right. The motion to dismiss or to render final judgment for the

defendant can be made at any stage of the trial and the court must entertain and rule on it."

The pertinent portion of Civil Rule 50(A) reads as follows:

"(1) When made. A motion for a directed verdict may be made on the opening statement of the opponent, at the close of the opponent's evidence or at the close of all the. evidence.

" * * *

"(4) When granted on the evidence. When a motion for a directed verdict has been properly made, and the trial court, after construing the evidence most strongly in favor of the party against whom the motion is directed, finds that upon any determinative issue reasonable minds could come to but one conclusion upon the evidence submitted and that conclusion is adverse to such party, the court shall sustain the motion and direct a verdict for the moving party as to that issue."

The criteria to be applied are set forth in the following cases:

The third syllabus of *Hamden Lodge No. 517* v. *The Ohio Fuel Gas Co.* (1934), 127 Ohio St. 469 reads:

"Upon motion to direct a verdict the party against. whom the motion is made is entitled to have the evidence construed most strongly in his favor. But if upon any essential issue, after giving the evidence such favorable construction, reasonable minds can come to but one conclusion and that conclusion is adverse to such party, the judge should direct a verdict against him."

"The same test is to be applied regardless of the stage at which the motion is made. With respect to a motion made at the time of the opening statement, the test is applied to the evidence the party indicates, in his opening statement, will be offered. With respect to a motion directed at the plaintiff at the conclusion of his case, the test is applied to the evidence that the plaintiff has presented. With respect to a motion made at the close of all the evidence, the test is applied to all the evidence. There are two parts to the test: one, that the evidence must be construed most

strongly in favor of the party against whom the motion is directed; and two, it must be found that reasonable minds could come to but one conclusion upon the evidence submitted when so construed." *McCormick* v. *Haley* (1973), 37 Ohio App. 2d 73, at 75, 76.

Although defendant-appellee argues that the language in Rule 50(A)(1) is permissive rather than mandatory and that the word "may," as opposed to "shall," permits the court to entertain the motion at any time, we hold that subdivisions (1) and (4) must be construed in pari materia, so that the reference in (4) to a motion "properly made" must meet the prescriptions in (1). The motion for a directed verdict on the opening statement was overruled, and since no error has been assigned to such action, the presumption is that such ruling was proper. Therefore, the next opportunity afforded defendant by the rule is upon the evidence at the close of plaintiff's case. We therefore conclude that motion made on the evidence before plaintiff rested was premature and "not properly made" within the meaning of Rule 50(A)(1) and (4). The first assignment of error is with merit and sustained.

To the extent that the second assignment of error goes beyond the first, it is legally unsound and without merit. Obviously the trial court could grant the motion at the close of plaintiff's case, if on the basis of the evidence presented reasonable minds could come to but one conclusion and that conclusion was adverse to the plaintiff. In *DeAmiches* v. *Popczun* (1973), 35 Ohio St. 2d 180, 64·Ohio Op. 2d 106, the Ohio Supreme Court reversed this court and affirmed the action of the trial court granting judgment upon defendant's motion for a directed verdict on the opening statement of plaintiff's counsel based upon the plaintiff's assumption of risk. Certainly a motion for a directed verdict could be properly granted at the close of plaintiff's evidence on the same basis, if the evidence supported it. What that evidence would be is presently unknown, but the categorical statement contained in this assignment of error makes it erroneous and it must therefore be held to be without merit.

In view of our conclusion respecting the first assign-

ment of error, the validity of the third assignment viz "The lower court wrongfully applied the doctrine of assumption of risk to the facts and circumstances" follows as a corollary, although it would be more appropriate to substitute "erroneously" for "wrongfully." As stated in *Wever* v. *Hicks,* 11 Ohio St. 2d 230, 235, 40 Ohio Op. 2d 203, 206.

There is then presented the question of whether the court or the jury should decide whether plaintiff, on the basis of the evidence presented, assumed the risk. Generally, that issue is a factual one that requires resolution by the jury. It is *only* when reasonable minds could come to but one conclusion that the issue becomes one for the court. *Hamden Lodge No. 517* v. *Ohio Fuel Gas Co.* (1934), 127 Ohio St. 469; *Francis* v. *Bieber* (1967), 10 Ohio St. (2d) 65, 39 Ohio Op. (2d) 52. Since it was the defendant who moved for a directed verdict, the trial court and this court are required to view the evidence in a light most favorable to the plaintiff. (*Hamden Lodge No. 517* v. *Ohio Fuel Gas Co., supra.*)

While it would be improper to speculate what conclusions might be drawn at some future stage of the proceeding, the evidence in the record is not sufficient to establish an assumption of risk on the part of the plaintiff as a matter of law. There are several issues of fact which bear on this question, among them being the negligence of the defendant, if any, and the proximate cause of plaintiff's injury. It would serve no useful purpose to go beyond the present stage of the record or add anything further with respect to this assignment.

The judgment of the trial court is reversed with instructions to vacate the entry granting defendant-appellee's motion for a directed verdict.

*Judgment reversed.*

KRENZLER, P. J., and DAY, J., concur.