OPINION
{¶ 1} This appeal stems from a decision of the Portage County Municipal Court, Ravenna Division, in a landlord/tenant case, in which the trial court denied the motion of appellant, Showe Management, for attorney fees. The following facts are relevant to a determination of this appeal.
 {¶ 2} On March 15, 2002, appellee, Mary Fiffick, filed a small claims complaint against appellant and Cathy Euwing, the manager of the apartment complex in which she resided with her three children, seeking $500 for electricity that she alleged was used by appellants but charged to her, and overpayment of rent.
 {¶ 3} Initially, appellee was granted default judgment but, subsequently, on July 11, 2002, the trial court vacated its earlier entry and granted appellant's motion to transfer the case to its regular docket. On September 26, 2002, appellant filed a counterclaim seeking damages in the amount of $2,485 plus interest, costs, and reasonable attorney fees for breach of a tenant's obligation under the lease pursuant to R.C. 5321.05. On October 7, 2002, the trial court dismissed appellee's claim, but appellant's counterclaim remained pending.
 {¶ 4} On March 28, 2003, appellant filed a motion for summary judgment. On April 29, 2003, the trial court proceeded with a hearing on the counterclaim, despite the absence of appellant or appellant's counsel. At the conclusion of the hearing, the trial court ruled in the tenant's favor on the landlord's counterclaim, and declared the motion for summary judgment moot.
 {¶ 5} On May 15, 2003, appellant filed a motion to vacate the trial court's April 29, 2003 judgment. The trial court granted this motion, and vacated its earlier judgment, on November 26, 2003.
 {¶ 6} Subsequently, on April 14, 2004, the trial court granted summary judgment in favor of appellant on its counterclaim in the amount of $2,485, plus interest and costs.
 {¶ 7} On May 5, 2004, appellant filed a motion for attorney fees pursuant to R.C. 5321.05(C). Appellant sought $2,400, representing sixteen hours of work at $150/hour. In support of the motion, appellant attached an affidavit from his attorney, and an affidavit from another attorney indicating that the fees in this case were reasonable.
 {¶ 8} On July 22, 2004, at 1:44 p.m., the trial court granted appellant's motion for attorney fees in the amount of $2,400. However, later on the same day, at 3:44 p.m., the court placed a hand-written notation on its order indicating that it was vacating its order.
 {¶ 9} On December 30, 2004, the trial court entered the judgment which is the subject of this appeal. The court ordered that appellant's motion for attorney fees be denied.
 {¶ 10} Appellant timely filed a notice of appeal and has now set forth a single assignment of error. Appellant contends that the trial court erred when it denied its request for attorney fees.
 {¶ 11} This appeal can be reduced to a single question: whether a trial court has the discretion to not award attorney fees under R.C. 5321.05(C)(1) when it awards damages to a landlord. R.C. 5321.05(C)(1) provides, in relevant part:
 {¶ 12} "If the tenant violates any provision of this section, * * * the landlord may recover any actual damages that result from the violation together with reasonable attorney fees."
 {¶ 13} In the present case, the trial court awarded damages to appellant under this code section. However, it chose not to award attorney fees. Appellant argues that once a court decides to award damages, the awarding of attorney fees is mandatory rather than discretionary. Appellant opines that the use of the word "may" in the statute applies solely to the phrase "recover any actual damages." However, once the court has used its discretion to award actual damages, it has no choice but to award attorney fees as well.
 {¶ 14} There is one case that is directly on point on this issue. In Kinn v. Showe Mgt. Corp., 3d Dist. No. 5-01-46, 2002-Ohio-1390, 2002 Ohio App. LEXIS 1380, the court held that "attorney's fees are * * * mandatory where a landlord recovers against a tenant under R.C. 5321.05(C)(1)." Id. at 11. The court relied, in part, on guidance from the Supreme Court of Ohio inVardeman v. Llewellyn (1985), 17 Ohio St.3d 24, 28, wherein the court held that "[t]he Landlord-Tenant Act must be interpreted in such a manner that fair and equitable treatment will be afforded to both landlords and tenants."
 {¶ 15} The revised code section that mirrors R.C.5321.05(C)(1) is R.C. 5321.16(C). It allows tenants to recover attorney fees for a wrongfully withheld security deposit. It states, "[i]f the landlord fails to comply with division (B) of this section, the tenant may recover the property and money due him, together with damages in an amount equal to the amount wrongfully withheld, and reasonable attorney fees." In Sherwinv. Cabana Club Apts. (1980), 70 Ohio App.2d 11, at 18-19, the Tenth District Court of Appeals held that attorney fees were mandatory under R.C. 5321.16(C).
 {¶ 16} Thus, in Kinn, the court reasoned that if attorney fees were mandatory for tenants under R.C. 5321.16(C), they should also be mandatory for landlords under R.C. 5321.05(C)(1). To interpret the statute in a different manner would "render an inequality upon Ohio landlords." Kinn, at 13.
 {¶ 17} We disagree with the preceding analysis. The use of the word "may" in R.C. 5321.05(C)(1) applies to the trial court's authority to award "any actual damages" and "reasonable attorney fees." Additionally, "[t]he statutory use of the word `may' is generally construed to make the provision in which it is contained optional, permissive, or discretionary * * *." Dorrianv. Scioto Conservancy Dist. (1971), 27 Ohio St.2d 102, 107.
 {¶ 18} Accordingly, the trial court was given the discretion by the legislature to award reasonable attorney fees pursuant to R.C. 5321.05(C)(1). By definition, that means that the trial court can choose not to award attorney fees. If the legislature intended a different result, it could have chosen to use the word "shall" instead of "may." Its decision not to do so indicates that it sought to give the trial court discretion in these determinations.
 {¶ 19} Appellant's sole assignment of error is without merit, and the judgment of the trial court is hereby affirmed.
Grendell, J., concurs in judgment only, O'Neill, J., concurs with Concurring Opinion.