CARR, APPELLANT, *v.* ED STEIN
REALTORS, APPELLEE.

(No. 11112—Decided July 20, 1983.)

*Mr. James A. Hall,* for appellant.
*Mr. Bruce A. Hochstetler,* for appellee.

MAHONEY, J. Plaintiff-appellant, Janice Sue Carr, challenges a lower court order permitting Ed Stein Realtors, defendant-appellee, to retain her security deposit and awarding defendant an additional $205.72 as damages for breach of an apartment rental agreement. We reverse and enter judgment for appellant in the amount of $29.28.

On October 14, 1981, Janice Carr and Ed Stein Realtors entered into an agreement whereby Carr rented an apartment at 314 Lincoln Avenue, Barberton, Ohio, for $175 per month. Plaintiff gave defendant a security deposit in the amount of $175 to insure full and complete performance of the terms of the lease. The lease further provided:

"The term of such rental shall be for a period of 1 year commencing October 14, 1981, and from year to year thereafter unless either party notifies the other in writing of intention to terminate the agreement at least thirty (30) days prior to the expiration of any year's term."

On October 6, 1982, plaintiff gave written notice of her intention to terminate the lease. On October 13, she returned the apartment keys to defendant and orally reported her new mailing address. Defendant re-let the apartment on November 2. On November 13, defendant wrote a letter to Carr informing her that she had forfeited her security deposit by breaching the agreement and further that she owed defendant an additional $205.72 for rent due, late charges and re-rental expenses.

Plaintiff commenced suit in the Barberton Municipal Court, Small Claims Division, to recover her security deposit, damages and attorney's fees. Defendant answered, denying plaintiff's allegations, and counterclaimed for $205.72 in damages due to plaintiff's breach. The case was transferred to the regular docket of the Barberton Municipal Court at defendant's request. After a bench trial, the court entered judgment for defendant on plaintiff's complaint and against plaintiff in the amount of $205.72 on the counterclaim.

Assignments of Error Nos. 1, 2 and 3

"1. Granting forfeiture of the security deposit in the amount of $175.00 *and* damages in the amount of $116.60 violates the principle of limitation of damages for breach of contract.

"2. Granting forfeiture of the security deposit in the amount of $175.00, and damages in the amount of $116.60 imposes an unlawful penalty for breach of contract.

"3. Awarding late charges in the amount of $60.00 *upon* damages in the amount of $116.60 imposes a penalty and violates Ohio usury law." (Emphasis *sic*.)

The lease required plaintiff to deposit $175 as security for the performance of all the terms of the agreement and to pay a "late charge" of $3 per day on any past due rent. Defendant contends that these provisions are liquidated damages owed it because of plaintiff's breach. However, liquidated damages are appropriate only where actual damages are uncertain or difficult to ascertain. 30 Ohio Jurisprudence 3d 143, Damages, Section 137. In the instant case, defendant elected to prove the actual damages suffered, namely $116.60 for rent lost until a new tenant was found and $29.12 for newspaper advertising of the vacancy. Thus, the forfeiture of the deposit and the late charges imposed in addition to the actual damage suffered is clearly an unlawful penalty.

Assignment of Error No. 4

"Awarding advertisement costs in the amount of $29.12 constitutes an award of special damages not properly pleaded nor recoverable under the parties' rental agreement."

Newspaper advertising in an attempt to secure a new tenant is necessary and foreseeable to mitigate damages when a tenant abandons the premises and breaches the lease. The cost of such advertising flows naturally from plaintiff's breach and is not an unforeseen or special loss. 30 Ohio Jurisprudence 3d 37-39, Damages, Sections 31 and 32.

We sustain appellant's first three assignments of error and overrule the fourth assignment of error. Ed Stein Realtors is entitled to damages in the amount of $145.72 and has wrongfully withheld $29.28 from Janice Carr's $175 security deposit. However, because Carr failed to give notice of her new address in writing as required by R.C. 5321.16(B), she cannot recover damages and attorney's fees pursuant to R.C. 5321.16(C). Therefore, in accordance with App. R. 12, we reverse the judgment of the Barberton Municipal Court and enter judgment in favor of Janice Carr in the amount of $29.28.

*Judgment reversed.*

QUILLIN, P.J., and GEORGE, J., concur.