LAKEWOOD CREATIVE COSTUMERS, APPELLEE, *v.* SHARP, APPELLANT.

(No. 50248—Decided March 24, 1986.)

*Margaret Terry* and *Cleveland Legal Aid Society,* for appellant.

PARRINO, C.J. Defendant Angel Sharp appeals the trial court's judgment in favor of plaintiff Lakewood Creative Costumers. For the reasons discussed below, the trial court's judgment is modified and as modified is affirmed.

I

The facts giving rise to the instant appeal are as follows.

On October 27, 1984, Angel Sharp rented a Halloween costume from Lakewood Creative Costumers. The agreement signed by Sharp provided that the costume was to be returned by November 1, 1984. The fee for the rental was $20.

The defendant failed to return the costume by November 1, 1984. Sharp testified before a referee that she had attempted to return the costume once, but that the store was closed. She then put the costume in her closet and forgot about it. Sharp eventually returned the costume on January 20, 1985.

On January 11, 1985, Lakewood Creative Costumers filed suit against Sharp in Lakewood Municipal Court, Small Claims Division. The complaint alleged that Sharp had breached her contract. The plaintiff sought to enforce a liquidated damages clause in the contract which provided that "an amount equal to one-half the rental fee will be charged for each day the costume is returned late." Under that clause, the plaintiff would have been entitled to $790 in liquidated damages from Sharp.[1] In its complaint, however, the plaintiff only sought $500 in damages.

At a hearing before a referee, a representative of Lakewood Creative Costumers testified that he definitely lost one rental of the costume, and that the costume cost $20 to make.

The referee applied the aforementioned clause, and noted that based on the language of the contract, Lakewood Creative Costumers was entitled to $790. However, since the plaintiff only sought $500, the referee recommended a judgment in that amount.

Angel Sharp filed objections to the referee's report arguing, *inter alia,* that the liquidated damages clause was in the nature of a penalty and, therefore,

---

[1] The costume was returned seventy-nine days late. One-half the rental fee was $10. Therefore, under the liquidated damages clause the amount due was seventy-nine times ten, or $790.

should not be enforced under Ohio law. In an entry filed with the clerk of courts on March 28, 1985, the trial court overruled the defendant's objections, and rendered judgment against Angel Sharp in the amount of $400.

The defendant filed a timely appeal, raising a single assignment of error.

## II

Assignment of error:

"A provision in a costume-rental contract providing for payment of one-half the rental fee for each day the costume is returned late is void and unenforceable as a penalty where the rental fee is $20.00, the replacement cost of the costume is $20.00, the costume would have been rented at most for one day during the period the customer was late in returning it, and the customer would have at most been liable for the replacement cost of the costume had it been returned in a damaged condition."

A clause in a contract providing for liquidated damages in the event of a breach is valid and enforceable where the sum stipulated is in reasonable proportion to the loss actually sustained; the actual damages incurred by the breach are uncertain or difficult to ascertain; and the contract is consistent with the conclusion that it was the intention of the parties that damages in the amount stated should follow the breach thereof. *Samson Sales, Inc.* v. *Honeywell, Inc.* (1984), 12 Ohio St. 3d 27, 12 OBR 23, 465 N.E. 2d 392; *Jones* v. *Stevens* (1925), 112 Ohio St. 43, 146 N.E. 894; *American Financial Leasing* v. *Miller* (1974), 41 Ohio App. 2d 69, 70 O.O. 2d 64, 322 N.E. 2d 149.

The liquidated damages clause in the instant case clearly fails under the aforementioned test. First, the sum stipulated is not reasonably proportionate to the loss sustained. The only evidence of damage by the appellee was

the loss of a single rental, a twenty dollar value.[2] Under the liquidated damages clause, however, the appellant could ultimately have been held liable for $790. A liquidated damages clause which provides for an amount nearly forty times the actual damages is not reasonably proportionate to the loss sustained, and thus is invalid. See, *e.g.,* *Berlinger* v. *Suburban Apt. Mgmt. Co.* (1982), 7 Ohio App. 3d 122, 7 OBR 155, 454 N.E. 2d 1367 (a $50 per day fee occasioned by a breach of a "no motorcycle" provision in a lease held not to bear a reasonable relationship to the loss sustained).

Second, the actual damages incurred by the breach are not uncertain or difficult to ascertain. The actual damages incurred are relatively easy to ascertain. They simply consist of any lost rental sales, together with the cost of getting the costume returned. Liquidated damages are appropriate only where actual damages are uncertain or difficult to ascertain. *Carr* v. *Ed Stein Realtors* (1983), 10 Ohio App. 3d 242, 10 OBR 338, 461 N.E. 2d 930 (damages resulting from a breach of a lease held not to be uncertain). Therefore, the clause in the case at bar is void.

Accordingly, the appellant's assignment of error is sustained.

## III

The liquidated damages clause which provided that "an amount equal to one-half the rental fee will be charged for each day the costume is returned late" is hereby found to be void and unenforceable. The trial court's judgment is therefore reduced to the amount of actual damages proven, twenty dollars from the loss of a single rental,

_____

[2] We are assuming that the value of the lost rental is equal to the cost of the appellant's rental of the same costume.

plus the court costs. The trial court's judgment is affirmed as modified.

*Judgment affirmed
as modified.*

NAHRA and KRUPANSKY, JJ., concur.