OPINION OF THE COURT
Beverly S. Cohen, J.
Landlord petitioner seeks to evict tenant respondent for nonpayment of rent. Respondent in defense and as a counterclaim alleges serious breaches by the petitioner of the warranty of habitability.
Petitioner moves to strike respondent’s jury demand.
The petitioner relies upon a unilateral waiver of jury trial that appears in paragraph "7” of the lease. Under subdivision 1 of section 235-c of the Real Property Law, the court may refuse to enforce a lease provision that it finds to be unconscionable as a matter of law. A study of the legislative history of this section indicates that the purpose of this section is "to allow for the defense of unconscionability as found in the Uniform Commerical Code § 2-302 to be adopted as part of the Real Property Law to be applied to real estate leases” (Mem of *503 Assemblyman Edward H. Lehner, NY Legis Ann, 1976, p 286). Section 2-302 of the Uniform Commercial Code pertains to sales contracts, and "is intended to make it possible for the courts to police explicitly against the contracts or clauses which they find to be unconscionable” (Uniform Commercial Code, § 2-302, Official Comment No. 1). The court, acting pursuant to section 2-302 of the Uniform Commercial Code, may strike any clause that is so "tainted”. Thus, subdivision 1 of section 235-c of the Real Property Law has been enacted so that the same "principle of fairness and restraint, which has been applicable to the area of sales for some time,” may now apply to the landlord-tenant area of the law. (Statement of Governor Hugh Carey on approving the bill, July 26, 1976, NY Legis Ann, 1976, p 406, pp 406-407.) The courts are now empowered to guard against unconscionable or "oppressive” leases or lease provisions.
The unilateral jury waiver as it appears in this lease is blantantly unfair and cannot be enforced. The print size which appears throughout the lease is exceedingly small. More particularly, the waiver appears in a paragraph that is more than twice as long as any other provision. The paragraph is over 500 words long, crammed into an area little more than two inches deep. The waiver appears near the end of this long and arduous provision. Since the waiver is only 32 words long, it is thus effectively "hidden”.
Moreover, paragraph "7” is not labeled as to its contents. It begins with a landlord "re-entry” clause, and includes other clauses unrelated to the subject of jury waiver. There is absolutely no indication that an important "fundamental” right — trial by jury — has been waived (Aetna Ins. Co. v Kennedy, 301 US 389, 393). Thus, paragraph "7” "camouflages” the waiver from view. The clause as it exists, is unquestionably unfair. Its effect is to unreasonably favor the petitioner.
It has often been pointed out that the "residential real estate market leaves no meaningful choices for a tenant and does not provide him with opportunities to bargain for reasonable terms and to avoid adhesive clauses” (Harwood v Lincoln Sq. Apts., 78 Misc 2d 1097, 1099; see Steinberg v Carreras, 74 Misc 2d 32, revd in part on other grounds 77 Mise 2d 774). The courts have, in the past, recognized this inequality in bargaining power in determining the conscionability of lease provisions (Seabrook v Commuter Housing Co., 72 Misc 2d 6). Moreover, it is precisely this inequality that the Uniform *504 Commercial Code deals with through the above-mentioned section 2-302. (See Williams v Walker-Thomas Furniture Co., 350 F2d 445.)
Because of the configuration of this lease, prepared by the landlord, the waiver in question is so unfair as to unreasonably favor the petitioner landlord. Viewed in light of the unequal positions of landlord and tenant and the absence of meaningful choice on the part of the tenant, it seems all the more objectionable. To honor the instant waiver would be to contradict the intention of the Legislature and would fly in the face of past case law. The unilateral jury waiver is unconscionable as a matter of law.
The rule of Avenue Assoc. v Buxbaum (83 Misc 2d 719) is that a jury waiver in a lease is valid and binding except in actions for personal injury or property damage. However, Buxbaum does not cure jury waiver provisions that may be seriously flawed on account of bad phrasing, small print, poor legibility, etc. To exempt jury waiver clauses from minimal standards of fairness would, essentially, eradicate tenants’ right to trial by jury. This result would be inconsistent with the special status accorded trial by jury (see Aetna Ins. Co. v Kennedy, supra). Such a substantial personal right cannot be so lightly dismissed in the interest of "judicial economy”.
Although CPLR 4544 is inapplicable because of its effective date, it evidences the Legislature’s desire that lettering in leases be clear and legible. However, the court has been expressly empowered by subdivision 1 of section 235-c of the Real Property Law to refuse to enforce unconscionable leases or lease provisions. The motion to strike respondent’s jury demand is denied.