SHERWIN, APPELLEE, *v.*
CABANA CLUB APARTMENTS ET AL., APPELLANTS.

(No. 40344—Decided July 31, 1980.)

*Friedman & Gaynor Co., L.P.A.,* and *Mr. Avery S. Friedman,* for appellee.

*Mr. Henry DuLaurence,* for appellants.

KRENZLER, C. J.   Gerald Sherwin, the appellee in the instant case, was a tenant under a month-to-month lease with appellant Cabana Club Apartments. A security deposit in the amount of $170 was given to appellant at the time appellee took possession of the premises. During appellee's tenancy, appellant brought a forcible entry and detainer action in the Bedford Municipal Court pursuant to R. C. Chapter 1923. In June 1977, a writ of restitution was issued. Appellee, however, did not vacate the premises at this time. Later in the year, appellee notified appellant that he would be vacating the premises by December 31, 1977, and left a forwarding address, pursuant to R. C. 5321.16(B). Appellant accepted from appellee a check in the amount of $188 for rent for the month of December 1977, and appellee vacated the premises on December 31, 1977. Although appellant received appellee's written notice regarding vacation of the premises and a forwarding address, appellant neither returned appellee's security deposit nor sent to appellee a written itemization of damages to the premises within thirty days after termination of the rental agreement, as required by R. C. 5321.16(B).

On February 14, 1978, appellee initiated this action under the security deposit provision (R. C. 5321.16) of the Ohio Landlords and Tenants Act by filing a complaint in the Bed-

ford Municipal Court against the appellants, Cabana Club Apartments and Clarence Carlson, the apartment owner.[1] Appellee sought recovery of his security deposit of $170, statutory damages in the amount of $170, and reasonable attorney's fees, pursuant to R. C. 5321.16(C).

In its answer filed on March 8, 1978, appellant alleged as an affirmative defense that appellee had failed to pay rent increases from August 1975 through December 1977, amounting to $406 for past-due rent, and that retention of the security deposit was necessary in order to correct damage to the premises. Appellant sought a dismissal of appellee's complaint and judgment in the amount of $236. Although not styled as such, appellant's answer was treated as a counterclaim by the trial court.

A jury trial commenced on December 14, 1978. At the conclusion of appellee's case, during which evidence of appellee's compliance and appellant's noncompliance with R. C. 5321.16(B) was presented, the trial court granted appellee's motion for a directed verdict as to the recovery of the security deposit and additional damages in the amount of the security deposit, plus reasonable attorney's fees, which were to be determined by the jury. The directed verdict was granted on the ground that appellant had not complied with R. C. 5321.16(B) by failing to send to appellee within the required time an itemization of the deductions from the security deposit.

Immediately subsequent to the court's granting of the directed verdict, appellant attempted to present to the jury evidence of actual damage to the premises formerly occupied by appellee. When the trial court refused to allow appellant to present such evidence, a proffer of this evidence was made. The court then permitted appellant to present evidence only as to its alleged damages in the amount of $406 for nonpayment of rent, but did not permit the introduction of evidence as to physical damage to the apartment.

At the conclusion of all the evidence, the trial court granted appellee's motion for a directed verdict in the amount of $340. The jury returned a verdict in favor of appellee in the amount of $1,000 for reasonable attorney's fees, and in favor of appellee

---

[1] As used in this opinion, "appellant" refers solely to appellant Cabana Club Apartments.

14

on appellant's counterclaim for nonpayment of rent. The court then rendered judgment in favor of appellee and against appellant in the sum of $1,340 on appellee's complaint, and in favor of appellee on appellant's counterclaim.

Appellants filed a timely notice of appeal, and appellant Cabana Club Apartments presents these assignments of error for our review:

"I. The trial court erred in directing a verdict for plaintiff at the close of plaintiff's testimony.

"II. The trial court erred in finding as a matter of law that plaintiff was a 'tenant' as that term is defined in O.R.C. 5321.01.

"III. The court erred in finding as a matter of law that plaintiff was entitled to statutory damages for two times the entire amount of the security deposit, plus a mandatory award of attorney's fees.

"IV. The court erred in allowing testimony of plaintiff's attorney as to the reasonable value of his services over defendant's objections and in overruling defendant's motion for a mistrial on these grounds.

"V. The court erred in overruling defendant's motion for a directed verdict, which motion was based on the fact that the relative rights of the parties were res judicata in the trial court. The court erred further in refusing the admission of evidence of the relevant prior judgments either to the court or for the benefit of the jury."

In its first assignment of error, appellant contends that the direction of a verdict for appellee at the close of appellee's evidence was premature. This first assignment of error raises the issue of the appropriate time for filing a motion for a directed verdict.

The pertinent provision of Civ. R. 50(A) states that:

"(1) A motion for a directed verdict may be made on the opening statement of the opponent, at the close of the opponent's evidence or at the close of all the evidence.

" * * *

"(4) When a motion for a directed verdict has been properly made, and the trial court, after construing the evidence most strongly in favor of the party against whom the motion is directed, finds that upon any determinative issue reasonable minds could come to but one conclusion upon the evidence submitted and that conclusion is adverse to such party, the

court shall sustain the motion and direct a verdict for the moving party as to that issue."

A construction of subdivisions (1) and (4) of Civ. R. 50(A) *in pari materia* leads to the conclusion that the reference in subdivision (4) to a motion "properly made" must meet the prescriptions in subdivision (1). See *Quayle* v. *Varga* (1975), 44 Ohio App. 2d 108. Therefore, appellee's motion for a directed verdict at the close of his own evidence was premature, and not properly made within the meaning of Civ. R. 50(A)(1) and (4). Since appellee's motion was not properly made, the trial court erred in granting said motion. To affirm the trial court in its ruling on this motion would be to preclude appellant from presenting any evidence in support of its affirmative defenses or counterclaim. Appellant's opportunity to defend itself would thus be effectively foreclosed. A careful reading of Civ. R. 50(A) shows that such a result was never intended.

Appellant's first assignment of error is well taken.

Appellant's second assignment of error asserts that the trial court erred in finding that appellee was a "tenant," as defined in R. C. 5321.01.

In order to avail himself of the security deposit procedures set forth in R. C. 5321.16, the appellee must be characterized as a "tenant" as defined in R. C. 5321.01. R. C. 5321.01(A) defines a "tenant" as " * * * a person entitled under a rental agreement to the use and occupancy of residential premises to the exclusion of others." Under R. C. 5321.01(D), a "rental agreement" is " * * * any agreement or lease, written or oral, which establishes or modifies the terms, conditions, rules, regulations, or any other provisions concerning the use and occupancy of residential premises by one of the parties."

Appellant contends that once the writ of restitution of the premises issued in June of 1977, appellee could no longer be characterized as a "tenant," and therefore could not institute an action under R. C. 5321.16. Although the record indicates that the Bedford Municipal Court ordered the issuance of a writ of restitution to appellant in June of 1977, the record also reflects the fact that appellant accepted monthly rent checks from appellee, in the amount of $188, for the period commencing June 1977 through December 1977. Therefore, it is our conclusion that the appellee was properly characterized as a "tenant," under a month-to-month oral lease, and that,

by accepting monthly rent checks from appellee during this period, appellant has effectively waived its argument as to this issue. Therefore, appellant's second assignment of error is overruled.

Appellant's third and fourth assignments of error will be considered together. One of the issues raised by these assignments of error involves the propriety of the trial court's imposition of liability for double damages and attorney's fees, without affording appellant the opportunity to demonstrate that its retention of appellee's security deposit was in good faith. It is appellant's contention that if a tenant has damaged a landlord's property while in possession thereof, the landlord is neither required to return the security deposit nor to comply with the notice provision of R. C. 5321.16(B) since he has a cause of action for damages. Appellant further contends that a landlord's failure to comply with R. C. 5321.16(B) does not automatically entitle a tenant to damages and attorney's fees, even where there has been no damage to the landlord's property.

It is appellee's position that when a tenant vacates the premises and provides the landlord with a forwarding address, pursuant to R. C. 5321.16(B), and the landlord fails to comply with the requirements of the statute, the tenant is automatically entitled to recovery of his security deposit, damages in an amount equal to the amount of the security deposit, and reasonable attorney's fees, if litigation is required.

In order to more fully comprehend appellant's argument, it is necessary to review the applicable provisions of R. C. 5321.16.

R. C. 5321.16(B) provides as follows:

"Upon termination of the rental agreement any property or money held by the landlord as a security deposit may be applied to the payment of past due rent and to the payment of the amount of damages that the landlord has suffered by reason of the tenant's noncompliance with section 5321.05 of the Revised Code or the rental agreement. Any deduction from the security deposit shall be itemized and identified by the landlord in a written notice delivered to the tenant together with the amount due, within thirty days after termination of the rental agreement and delivery of possession. The tenant shall provide the landlord in writing with a for-

warding address or new address to which the written notice and amount due from the landlord may be sent. If the tenant fails to provide the landlord with the forwarding or new address as required, the tenant shall not be entitled to damages or attorneys fees under division (C) of this section."

R. C. 5321.16(C) provides as follows:

"If the landlord fails to comply with division (B) of this section, the tenant may recover the property and money due him, together with damages in an amount equal to the amount wrongfully withheld, and reasonable attorneys fees."

The foregoing provisions of the Landlords and Tenants Act were designed to ensure the return of a security deposit at no cost to the tenant in cases where the security deposit has been wrongfully withheld.

At the outset, it should be noted that the security deposit is not a substitute for the last month's rent. A tenant is responsible for payment of rent for the last month of the rental agreement. If, after the tenant complies with R. C. 5321.16(B) by providing the landlord with a forwarding or new address, his security deposit is not returned, or he does not receive a written notice from the landlord containing an itemization of deductions from the security deposit, the tenant may then maintain an action to recover his security deposit.

Where the landlord fails to comply with R. C. 5321.16(B), R. C. 5321.16(C) provides that the tenant may recover (1) his security deposit; (2) plus an additional amount as damages equal to the amount of the security deposit which was wrongfully withheld; and (3) reasonable attorney's fees. According to our reading of the statute, the landlord's failure to provide a notice[2] containing an itemization of deductions from the security deposit within thirty days of termination of the lease automatically penalizes the landlord in the amount of the security deposit and reasonable attorney's fees, where the tenant brings an action to recover his security deposit under R. C. 5321.16. Further, the court has discretion under the statute to award additional damages in the amount of the security deposit.

---

[2] The landlord's obligation to provide written notice containing an itemization of deductions from the security deposit may be satisfied where the landlord, within the required thirty-day period from termination of the rental agreement, files an action against the tenant for damages and his claim is stated with sufficient clarity to comply with the notice requirements of the statute.

Thus, based on our interpretation of the statute, the landlord's obligation to either return the security deposit or provide notice and an itemization of deductions from the security deposit is not relieved merely because he has a damage action. If the landlord wishes to bring an action for damages, he must maintain it in a separate action or as a counterclaim in the tenant's action to recover his security deposit.

The Landlords and Tenants Act provides for certain rights and responsibilities for tenants and landlords. See R. C. Chapter 5321. The Act attempts to balance the rights of tenants and landlords. As we have noted, the tenant's compliance with R. C. 5321.16(B), combined with the landlord's failure to comply, triggers significant rights for the tenant. However, if a tenant causes physical damage to the property, the landlord may seek recovery for this damage. See R. C. 5321.05 and 5321.12. The fact that the landlord does not comply with R. C. 5321.16(B) does not preclude him from seeking damages under R. C. 5321.05 and 5321.12. These are separate and independent provisions of the Landlords and Tenants Act, and the recovery of damages by the landlord is an independent right providing for the recovery of damages to the property.

In the present case the trial court directed a verdict for the tenant at the conclusion of the tenant's case and refused to allow the landlord to present evidence of damage to its property, stating that the landlord's failure to comply with the notice requirements of the statute precluded it from maintaining its damage action against the tenant. The trial court committed error in this regard. The landlord's noncompliance with R. C. 5321.16(B) does not preclude it from maintaining an action for damage to the property caused by the tenant. At the conclusion of a tenant's action under R. C. 5321.16, the landlord's counterclaim must be adjudicated, and any damages awarded to the landlord will be reduced by the amount awarded to the tenant in his action to recover the security deposit.

The next issue before this court involves the subject of attorney's fees. As stated earlier, where a landlord fails to return the security deposit of a tenant who has left a forwarding address and ignores the statutory requirements of notice and itemization of damages, an award for reasonable at-

torney's fees is mandatory. See *Mentor Lagoons, Inc.*, v. *Bartel* (Cuyahoga Co. Ct. of Appeals No. 36391, July 21, 1977), unreported.

In the instant case, the trial court ruled that the appellee was entitled to reasonable attorney's fees, but left the determination of the amount of attorney's fees to the jury.

This court recently held that the determination of the amount to be awarded for reasonable attorney's fees lies within the sound discretion of the trial judge.[3] *Drake* v. *Menczer* (1980), 67 Ohio App. 2d 122. Therefore, the trial court improperly permitted the jury to determine the amount to be awarded the appellee for reasonable attorney's fees.

Based on the foregoing discussion, appellant's third and fourth assignments of error are well taken in part.

In its fifth assignment of error, appellant argues that the trial court erred in refusing to admit into evidence prior judgment entries from the Bedford Municipal Court, in cases involving these very same parties, since these final judgments were *res judicata* of the issues in the instant case. Although the journal entries were not admitted into evidence, they were proffered during appellant's presentation of its evidence with regard to its claim of past-due rent. Although the parties were the same in the previous action in the Bedford Municipal Court, the matter litigated in the previous action was of a different nature than the one at issue in the instant case. The previous action involved a complaint in forcible entry and detainer, instituted by the appellant-landlord pursuant to R. C. Chapter 1923. The issue in that case was whether appellant was entitled to possession of its premises due to appellee's breach of one of the statutorily imposed tenant duties. In the instant action instituted by appellee, the central issue involves the alleged wrongful deprivation of appellee's security deposit. Thus, it is clear that the doctrine of *res judicata* is not applicable to the issues that have been raised in the instant case. Appellant's fifth assignment of error is overruled.

Based on our disposition of appellant's first, third and fourth assignments of error, the judgment of the trial court is

---

[3] For the necessary evidence to sustain an award for attorney's fees by a reviewing court, see *Drake* v. *Menczer, supra* (Krenzler, J., concurring), at 126; *Swanson* v. *Swanson* (1976), 48 Ohio App. 2d 85; *Hlavin* v. *W. E. Plechaty Co.* (1971), 28 Ohio App. 2d 43.

reversed and this cause is remanded to the trial court for a trial on appellant's counterclaim for damage to the premises as well as a court determination on the amount to be awarded to appellee as reasonable attorney's fees.

*Judgment reversed*
*and cause remanded.*

STILLMAN and PARRINO, JJ., concur.