BERLINGER, APPELLANT, *v.* SUBURBAN APARTMENT MANAGEMENT CO. ET AL., APPELLEES.

(No. 44369—Decided November 18, 1982.)

*Mr. Sheldon Stein,* for appellant.
*Mr. Albert C. Nozik,* for appellees.

JACKSON, J. This is an appeal from a decision by the Lyndhurst Municipal Court awarding plaintiff-appellant Gary R. Berlinger $20 against defendants-appellees Suburban Apartment Management Co. and Mentor Lagoons, Inc. (hereinafter referred to collectively as the "landlord" or as "appellee").

Appellant was a tenant in an apartment building owned by the appellee. He had given his landlord a security deposit of $420. The lease between the parties provided in capital letters that appellant would not bring a motorcycle on the premises.[1] In a separate document entitled "Disposition Advice,"[2] appellant signed his name under a separate paragraph which states:

"I agree that if I bring a pet, truck, motorcycle or van onto the property I will be charged by management and pay to it the sum of $50.00 each time."

When the appellant moved out at the end of October 1980, he did not pay his last month's rent of $210. He sent his landlord his forwarding address, and the appellee returned to him a notice charging him for his last month's rent and an additional $300 for having kept a motorcycle on the premises. The appellee did not return any portion of the security deposit, for the charges exceeded the deposit.

The appellee-landlord then sued the appellant for $300 plus attorney fees. Appellant filed a separate suit against appellee for return of his security deposit. The cases were consolidated, and the trial court found for the appellant in the amount of $20. The court refused to award attorney fees to the appellant, because the appellant rested his case before adducing evidence relating to the reasonable value of the services of his attorney.

Both parties appealed to this court from the $20 judgment in favor of appellant. The appellee's appeal was dismissed as untimely by this court. Accordingly, the only issues before this court are those raised by the appellant's appeal. The appellant assigns three errors for review.[3]

I

Amount of Security Deposit
Wrongfully Withheld

The appellant's first assigned error is that the court erred in computing the amount of the security deposit which his landlord wrongfully withheld. It was undisputed that the entire amount of the deposit was $420, that the deposit had earned interest of $10.50 during the tenancy, and that the appellant owed the appellee $210 rent for the month of October. Thus, insofar as the undisputed amounts are concerned, appellee owed appellant the sum of $220.50.

The only disputed amount is the sum, if any, owed by appellant on account of his admitted possession of a motorcycle on the premises. Albert C. Nozik, an officer of the appellee-corporation, testified that he saw a motorcycle on the appellant's patio on October 10, October 13, October 24, and November 7, 1979. He concluded from his observations that the motorcycle was on the premises continuously during

---

[1] "NO ANIMALS, BIRDS, PETS, MOTORCYCLES, WATER BEDS, TRUCKS, JEEPS OR VANS shall be kept on the premises at any time." (Paragraph 17 of Lease.)

[2] The main purpose of the "Disposition Advice" was as an inspection document. The tenant and a representative of the landlord apparently inspected the apartment together before the tenant moved in and noted the condition of each room.

[3] The appellant's three assignments of error are as follows:

"I. The judgment and verdict of the trial court was contrary to law and against the manifest weight of the evidence.

"II. It was prejudicial error for the court not to award appellant reasonable attorney fees.

"III. It was prejudicial error for the court to strike appellant's jury demand."

this period. The $300 figure was less than the amount to which he thought the landlord was entitled.

The appellant testified that the motorcycle belonged to his brother, and that it was on the premises for a single four-day period during October. At first he stated that this occurred near the end of October, and that the motorcycle was removed on November 1, 1979. Later in his testimony, however, he acknowledged that he received a notice on October 19, 1979, telling him to remove the motorcycle and imposing a "fine"; he stated that he had already removed the motorcycle before he received that letter.

The trial court stated that it found the $50 per day charge for the motorcycle to be reasonable and that it would enforce this provision of the lease. Although no findings of fact or conclusions of law were filed, the court apparently charged appellant $200 for the four days that the motorcycle admittedly stood on the patio, and gave the appellant the remainder of $20.[4]

It does not appear that the $50 per diem charge for the presence of a motorcycle was in the nature of a fee for parking or storage. The lease was not modified to permit possession of a motorcycle on the premises. Instead, the charge is in the nature of liquidated damages. It is a matter of common knowledge that motorcycles, if operated loudly, can be objects of great annoyance. This effect is magnified in densely populated places such as apartment complexes. Thus, it is not unconscionable[5] for a landlord to pro-

hibit the bringing of motorcycles on the premises.

A different issue is presented, however, by the liquidated damages clause. To be valid, a provision for liquidated damages must meet three criteria, expressed in the following excerpt from *American Financial Leasing v. Miller* (1974), 41 Ohio App. 2d 69, 73 [70 O.O.2d 64] (quoting from 16 Ohio Jurisprudence 2d 155):

" '[I]t must, according to most cases, appear that the sum stipulated bears a reasonable proportion to the loss actually sustained; that the actual damages occasioned by the breach are uncertain or difficult to ascertain; and most important of all, that a construction of the contract as a whole evinces a conscious intention of the parties deliberately to consider and adjust the damages that might flow from the breach. * * *' "

Actual damages occasioned by a breach of the "no motorcycle" provision of the lease are difficult to ascertain. However, the sum of $50 per day (which in a thirty-day month would amount to $1,500) does not bear a reasonable relationship to any loss which might foreseeably be sustained. A court could take judicial notice that the *operation* of a motorcycle might cause great damage to a landlord, because tenants who object to loud noise might move out. However, no evidence was introduced tending to show the amount of damages which might foreseeably result from the mere *presence* of a motorcycle.

The liquidated damages clause con-

---

[4] The remainder is actually $20.50, determined as follows:

| | |
|---|---|
| Security Deposit | $420.00 |
| Plus Interest | 10.50 |
| Subtotal | $430.50 |
| Less Rent Due | 210.00 |
| Subtotal | $220.50 |
| Less Motorcycle Charge | 200.00 |
| TOTAL | $ 20.50 |

[5] Under R.C. 5321.14, the court may strike any unconscionable provision from a lease agreement.

tained in the "Disposition Advice" is therefore invalid under the common law and under R.C. 5321.14, and is hereby ordered stricken from the lease.

In the absence of a valid provision for liquidated damages, the appellee was entitled to recover only the monetary equivalent of the actual damages caused by the appellant's breach. Again, however, the appellee failed to adduce any evidence tending to show that it sustained actual damages as a result of the presence of the motorcycle on the property,[6] even if the motorcycle was there for one month, as claimed by appellee. In the absence of any evidence on this subject, compensatory damages may not be awarded.

The appellee did prove beyond any doubt that the appellant breached his promise not to bring a motorcycle on the property. The appellee is therefore entitled to judgment on its claim for breach of contract, and an award of nominal damages in the sum of one dollar.

The appellant proved that he was entitled to the return of his security deposit ($420) plus interest ($10.50) less one month's rent ($210), for a total of $220.50. The "double recovery" remedy of R.C. 5321.16 (B) is discussed in part II of this opinion.

## II

### "Double Recovery" and Attorney Fees Award Pursuant to R.C. 5321.16

The provisions of R.C. 5321.16 governing security deposits in landlord-tenant transactions provide:

"(A) Any security deposit in excess of fifty dollars or one month's periodic rent, whichever is greater, shall bear interest on the excess at the rate of five per cent per annum if the tenant remains in possession of the premises for six months or more, and shall be computed and paid annually by the landlord to the tenant.

"(B) Upon termination of the rental agreement any property or money held by the landlord as a security deposit may be applied to the payment of past due rent and to the payment of the amount of damages that the landlord has suffered by reason of the tenant's noncompliance with section 5321.05 of the Revised Code or the rental agreement. Any deduction from the security deposit shall be itemized and identified by the landlord in a written notice delivered to the tenant together with the amount due, within thirty days after termination of the rental agreement and delivery of possession. The tenant shall provide the landlord in writing with a forwarding address or new address to which the written notice and amount due from the landlord may be sent. If the tenant fails to provide the landlord with the forwarding or new address as required, the tenant shall not be entitled to damages or attorneys fees under division (C) of this section.

"(C) *If the landlord fails to comply with division (B) of this section, the tenant may recover the property and money due him, together with damages in an amount equal to the amount wrongfully withheld, and reasonable attorneys fees.*" (Emphasis added.)

This court has held that the main purpose of the penalty provision of this statute is to enable a tenant to recover the wrongfully withheld portion of his security deposit at no cost to himself:

"The foregoing provisions of the Landlords and Tenants Act were designed to ensure the return of a security deposit at no cost to the tenant in cases where the security deposit has been wrongfully withheld." *Sherwin* v. *Cabana Club Apartments* (1980), 70 Ohio App. 2d 11, 17 [24 O.O.3d 11].

Appellee contends that it fully com-

---

[6] The record fails to disclose any evidence of the operation of the motorcycle on the premises or any complaints from residents of the appellee's apartments with respect to any annoyance or disturbance resulting from such operation.

plied with R.C. 5321.16 (B) by providing appellant with a timely written notice of the charges against his security deposit. However, we are persuaded that appellee failed to comply with R.C. 5321.16 (B) when it did not remit to appellant the "amount due," *viz.*, $220.50.

In the case at bar, it appears from the evidence (and from the lack of evidence presented by the appellee) that the landlord wrongfully withheld $220.50 of the appellant's security deposit. Accordingly, appellant was entitled to recover $441 (twice $220.50) plus his reasonable attorney fees.

The appellant rested his case without adducing evidence as to the reasonable value of his attorney's services. In closing argument, his attorney stated that appellant would file a motion for recovery of attorney fees at the end of the summation. The trial court replied that appellant had the duty to present evidence regarding attorney fees as part of his case in chief. When appellant asked leave to reopen his case to present this evidence, leave was denied.

This court recently held that in landlord-tenant cases, attorney fees, where appropriate, are to be taxed as *costs,* not as damages. *Drake* v. *Menczer* (1980), 67 Ohio App. 2d 122 [21 O.O.3d 429]. In *Sherwin* v. *Cabana Club Apartments, supra,* this court noted that where a landlord violates his duty under R.C. 5321.16 (B), an award of attorney fees is *mandatory.* In *Drake* it was held that the question of the amount of attorney fees is to be decided by the court, not by the trier of fact. 67 Ohio App. 2d at 125. Judge Krenzler, in a concurring opinion, noted that evidence as to the reasonable value of

the attorney's services may be made in affidavit form. 67 Ohio App. 2d at 126.

Thus, it was not incumbent upon appellant to adduce evidence on the issue of attorney fees during his case in chief. This issue is not an element of the appellant's case, but merely goes to the issue of costs, which will be assessed to the appellee. Consequently, this court is persuaded that it was an abuse of discretion for the trial court to refuse to hear the appellant's evidence, and this cause must be remanded to the trial court for a hearing on the issue of the amount of attorney fees to be awarded appellant.

## III

### Jury Trial Waiver

The lease contains the following clause, in which the appellant-tenant waived his right to a jury trial if sued by the landlord:

"If any action is filed against Tenant, Tenant hereby waives right to trial by jury as to any action which may be filed against Tenant by Landlord." (Paragraph 4 of Lease.)

In the case at bar, both parties sued each other and their lawsuits were consolidated. Appellant was granted judgment on appellee's complaint (case No. 80-CV-F-2570), and appellant was awarded $20 on his own complaint against the appellee (case No. 80-CV-F-3226). The plain language of the waiver clause makes it applicable *only* to cases filed against the tenant by the landlord. Thus, in case No. 80-CV-F-3226, the case here under review, the clause is not applicable because the tenant, Berlinger, is the plaintiff, suing for the return of his security deposit.[7]

---

[7] In view of our ruling that the jury waiver clause does not apply to this case, it is unnecessary to consider the validity of the clause. In general, such waivers have been upheld. See *Mentor Lagoons, Inc.* v. *Geldart* (Jan. 29, 1979), Lake App. No. 6-265, unreported (in-

volving same landlord). See, also, Annotation, Validity and Effect of Contractual Waiver of Jury Trial, 73 A.L.R. 2d 1332. In the state of New York, courts have refused to give effect to jury waivers contained in residential leases in cases where the waiver was unilateral (as in

Any ambiguity in this provision must be construed against the appellee, who drafted the language. *Central Realty Co. v. Clutter* (1980), 62 Ohio St. 2d 411, 413 [16 O.O.3d 441]. The trial court, therefore, erred when it overruled appellant's demand for trial by jury.

However, it does not appear that any issues remain for determination by the trier of fact. The only factual dispute involved the amount of time that the motorcycle stayed on the appellant's patio. The appellant admitted having had the motorcycle at least four days, so his breach was established. However, appellee failed to adduce evidence to support the validity of the liquidated damages clause or to prove actual damages. Consequently, as a matter of law, appellee was entitled to nominal damages, no more and no less. The issue of attorney fees is to be determined by the trial court. Therefore, the error of the trial court in refusing to order a jury trial on the appellant's complaint was not prejudicial to the appellant.

The judgment of the trial court is reversed, judgment is entered in favor of appellant in the amount of $440.00 ($441 less $1 nominal damages), and this cause is remanded to the trial court with instructions to determine and award reasonable attorney fees to appellant.

*Judgment reversed and cause remanded.*

DAY, P.J., and NAHRA, J., concur.

the case at bar), *Estate of Greenberg* v. *Schefler* (1979), 100 Misc. 2d 502, 419 N.Y. Supp. 2d 810; in cases where the print of the clause was too small, *Koslowski* v. *Palmieri* (1979), 98 Misc. 2d 885, 414 N.Y. Supp. 2d 599; and in cases involving claims for personal injury or property damage, *Avenue Associates, Inc.* v. *Buxbaum* (1975), 83 Misc. 2d 719, 373 N.Y. Supp. 2d 814.