LACARE, Appellee,

v.

DEARING, Appellant.

[Cite as *Lacare v. Dearing* (1991), 73 Ohio App.3d 238.]

Court of Appeals of Ohio,
Ashtabula County.

No. 89-A-1491.

Decided April 22, 1991.

*John J. Luce,* for appellee.
*Henry A. Roth,* for appellant.

Edwin T. Hofstetter, Judge.

This matter commenced when appellee, Louis E. Lacare, filed a small claims complaint seeking $375 from his former landlord, appellant, Norrel Dearing, for the return of his security deposit. After the first appearance, appellee hired an attorney who amended the complaint, seeking $375 for the return of the security deposit, plus $375 in damages and $250 for attorney fees pursuant to R.C. 5321.16. The $1,000 total was still within the jurisdiction of the small claims division.

Subsequently, appellant filed his answer and a counterclaim for $11,197.10. In this pleading, appellant denied appellee's $1,000 claim and asked for $11,197.10 in a counterclaim for damages caused to the premises by appellee as well as rent owed.

Consequently, the case was certified to the Ashtabula County Court of Common Pleas. Appellee filed a motion for leave to amend his amended complaint. Since the matter was no longer a small claims case, appellee no longer sought only $250 in attorney fees, but any amount over that to which the court found appellee was entitled. The trial court ordered that appellee's complaint be amended to seek attorney fees in any amount to which appellee showed himself entitled.

Thereafter, the case was tried. The trial court rendered its judgment in favor of appellee in the amount of $750 compensatory damages and $1,331.25 attorney fees and dismissed appellant's counterclaim. It is from this judgment that appellant has appealed, raising the following assignment of error:

"The trial court erred to the prejudice of the Defendant–Appellant in awarding attorney fees to the Plaintiff under Ohio Revised Code Section 5321.16(C), over the objection of the Defendant, which were unreasonable, being over five times the amount claimed by the Plaintiff, and which amounted to an abuse of discretion and in refusing to apply Ohio Civil Rule 54(C), which would have limited the award of attorney fees to the sum claimed in Plaintiff's claim for relief."

After putting forth his lengthy assignment, appellant addresses two different aspects of the assignment. The first issue posits that attorney fees more than five times the amount requested in the prayer for relief are unreasonable and that the court failed to limit the recovery of attorney fees to those fees attributable solely to appellee's security deposit claim. Second, appellant contends that the attorney fees awarded amounted to an abuse of discretion.

R.C. 5321.16 provides for the recovery of reasonable attorney fees in such cases. R.C. 5321.16(C) states:

"(C) If the landlord fails to comply with division (B) of this section, the tenant may recover the property and money due him, together with damages in an amount equal to the amount wrongfully withheld, and reasonable attorneys fees."

■ The purpose of the penalty provision in R.C. 5321.16(C) is "to enable a tenant to recover the wrongfully withheld portion of his security deposit at no cost to himself." *Berlinger v. Suburban Apt. Mgt. Co.* (1982), 7 Ohio App.3d 122, 125, 7 OBR 155, 159, 454 N.E.2d 1367, 1372, citing *Sherwin v. Cabana Club Apts.* (1980), 70 Ohio App.2d 11, 17, 24 O.O.3d 11, 14, 433 N.E.2d 932, 937.

■ The amount of fees awarded is within the sound discretion of the trial court. *Sherwin, supra* at 19, 24 O.O.3d at 16, 433 N.E.2d at 938; *Forquer v. Colony Club* (1985), 26 Ohio App.3d 178, 180, 26 OBR 398, 399, 499 N.E.2d 7, 9. R.C. 5321.16(C) permits the trial court to award reasonable attorney fees upon finding a violation of the statute.

" 'Reasonableness' clearly means that the trial court, as the trier of fact in this case, must make his own assessment of what is reasonable on the basis of the evidence presented." *Albreqt v. Chen* (1983), 17 Ohio App.3d 79, 83, 17 OBR 140, 144, 477 N.E.2d 1150, 1155.

■ Moreover, "attorney fees * * * are to be taxed as *costs*, not as damages." (Emphasis *sic*.) *Berlinger, supra*, 7 Ohio App.3d at 126, 7 OBR at 159–160, 454 N.E.2d at 1372. See, also, *Drake v. Menczer* (1980), 67 Ohio App.2d 122, 21 O.O.3d 429, 425 N.E.2d 961; *Fant v. DiSabato* (Dec. 29, 1987), Franklin App. No. 87AP–265, unreported, 1987 WL 32190.

■ Whether attorney fees incurred as a result of defending a landlord's counterclaim for damages are recoverable is unclear. The statute is silent on this matter.

Although the Supreme Court has not yet ruled on this precise issue, in *Smith v. Padgett* (1987), 32 Ohio St.3d 344, 349, 513 N.E.2d 737, 742, the court held that an attorney fees award "must relate solely to the fees attributable to the tenant's security deposit claim under R.C. 5321.16." That case is easily distinguished from the case presently before this court. In *Padgett*, the additional fees were attributable to the tenant's additional contract claim, rather than to defending a counterclaim.

The Third Appellate District has held that attorney fees accrued in defending a landlord's counterclaim are recoverable under R.C. 5321.16(C). *Opsomer v. Gray* (May 29, 1986), Henry App. No. 7–84–20, unreported, 1986 WL 6434. Specifically, the *Opsomer* court stated:

"We do not adhere to defendant's argument that attorney fees are not recoverable when arising out of a landlord's counterclaim against the tenant. Such a holding would subvert the intent of R.C. Chapter 5321, commonly known as the Ohio Landlord–Tenant Act. In order for the tenant to benefit from his claim, he must necessarily rebut the allegations of the landlord's counterclaim, thus making the two actions virtually indivisible. To prohibit the recovery of attorney fees expended in the defense of a landlord's counterclaim would effectively nullify the legislative intent of providing a means of redress to wronged tenants."

In applying the above case law to the case at bar, it becomes clear that the trial court did not err in not limiting the recovery of attorney fees to those in the prayer for relief. First, it is worth noting that the purpose of Civ.R. 54(C) is to put the parties on notice of their potential liability. Before trial, the trial court ordered that the appellee's complaint be amended to seek attorney fees greater than $250. Therefore, appellant was on notice. Moreover, attorney fees are to be taxed as costs; the costs cannot be properly determined until after the trial is over. Attorney fees are within the discretion of the trial court.

Furthermore, this writer believes the approach taken by the Third District in *Opsomer* best serves the underlying intent of R.C. Chapter 5321 as applied to the facts of the present case. The appellant's counterclaim for damages cannot be separated from appellee's own claim for his security deposit. It was appellant's $11,000 damage claim which undoubtedly drove up the attorney fees. When appellant asserted claims for past due rent and damages caused by appellee which exceeded the amount of the security deposit, appellee's claim became completely dependent upon defending against the counterclaim. As a result, the fees incurred to defend against the counterclaim, which was dismissed, were essential to the recovery of appellee's security deposit.

■ In light of the defense against the $11,197.10 counterclaim, the $1,331.25 awarded for attorney fees is not unreasonable. Therefore, the portion of appellant's assignment of error concerning the amount of the award and the attempt to limit the recovery to the portion solely attributable to the security deposit claim is without merit.

■ Likewise, the argument contending that the award of attorney fees was an abuse of discretion is equally without merit.

"The term 'abuse of discretion' connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. *Steiner v. Custer* (1940), 137 Ohio St. 448 [19 O.O. 148, 31

N.E.2d 855]; *Conner v. Conner* (1959), 170 Ohio St. 85 [9 O.O.2d 480, 162 N.E.2d 852]; *Chester Township v. Geauga Co. Budget Comm.* (1976), 48 Ohio St.2d 372 [2 O.O.3d 484, 358 N.E.2d 610]." *State v. Adams* (1980), 62 Ohio St.2d 151, 157–158, 16 O.O.3d 169, 173, 404 N.E.2d 144, 149. Accord *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 5 OBR 481, 450 N.E.2d 1140.

For the reasons previously stated, there is nothing to support the claim of abuse of discretion, and as such, the entire assignment is without merit.

*Judgment affirmed.*

FORD, P.J., and JOSEPH E. MAHONEY, J., concur.

FORD, Presiding Judge, concurring.

While I concur with the majority, it appears appropriate to qualify the majority's analysis with respect to the comments that attorney fees are to be taxed as costs.

The general rule in Ohio states that the prevailing party in litigation is generally not entitled to an award for attorney fees unless the party against whom the fees are imposed was found to have acted in bad faith, absent a statutory provision allowing attorney fees as costs. *State ex rel. Durkin v. Ungaro* (1988), 39 Ohio St.3d 191, 529 N.E.2d 1268.

Although R.C. 5321.16(C) does not expressly provide for attorney fees as costs, it does state that reasonable attorney fees may be recovered together with damages.

This provision has been interpreted in a well-reasoned Ohio appellate court opinion to mean that attorney fees may be awarded under a proper predicate under R.C. 5321.02, and when so awarded, are to be taxed as costs. *Drake v. Menczer* (1980), 67 Ohio App.2d 122, 124, 21 O.O.3d 429, 431, 425 N.E.2d 961, 964.

The *Drake* court indicated that traditionally when a statute authorizes the award of attorney fees, it does so by allowing the fees to be taxed as costs. It reasoned that had the General Assembly, under the landlord tenant chapter of the code, intended attorney fees to be part of awardable damages, the statute would have read " 'actual damages *including* reasonable attorneys' fees.' " The court indicated that the language in the statute necessitated a conclusion that attorney fees are not to be awarded as damages. Its underlying rationale was in part premised on the consideration that the fee question for a jury or in such proceedings, by inference, would produce a cumbersome and awkward procedure. This same logic was applied in *Berlinger v. Suburban Apt. Mgmt. Co.* (1982), 7 Ohio App.3d 122, 7 OBR 155, 454 N.E.2d 1367. The majority here adopts the rationale of the foregoing Ohio authority.

Thus, in such cases, attorney fees are to be taxed as costs and lie within the discretion of the trial court.