OPINION
On January 13, 1998, Hugh W. and Mary Nelson filed a complaint against Calvin R. and Faye Tipton in the Franklin County Court of Common Pleas asserting claims for relief of breach of contract and property damage. The Nelsons averred that the Tiptons entered into a two-year lease agreement beginning on June 1, 1996 for the lease of a house owned by the Nelsons. Such lease agreement was to terminate on May 31, 1998; however, the Tiptons moved out on September 14, 1997. The Nelsons averred they were owed $15,371.66 for unpaid rent, late fees, property damage/repairs and various other damages.[1] The Tiptons filed an answer and a counterclaim. In their counterclaim, the Tiptons averred that pursuant to R.C. 5321.16(B), they were owed twice the amount of their security deposit plus attorney fees and expenses for the Nelsons' failure to itemize any deductions and to provide written notice of such deductions along with the return of their security deposit. The Nelsons replied that the Tiptons failed to provide a forwarding address and, therefore, there was no obligation to provide an itemized list of deductions or return the Tiptons' security deposit.
On May 7, 1998, the Tiptons filed responses to the Nelsons' request for admissions. As part of these responses, the Tiptons admitted, in essence, that they did not have any documents that would demonstrate they provided the Nelsons with a forwarding address. On July 10, 1998, the trial court referred the matter to arbitration pursuant to Loc.R. 103 of the Court of Common Pleas of Franklin County. On November 24, 1998, the Tiptons filed amended responses to the request for admissions. The Tiptons denied that they did not have documentation showing they provided the Nelsons with a forwarding address and stated that a copy of a written, forwarding address had been provided to plaintiffs' counsel.
On December 11, 1998, an arbitration report and award was filed finding in favor of the Nelsons and awarding them $19,637.44. The arbitrators also found for the Tiptons in the amount of $1,600. Therefore, the net amount awarded to the Nelsons was $18,037.44. The Tiptons filed an appeal of the arbitrators' report and award. A jury trial was held, and the jury returned a general verdict in favor of the Tiptons. In an interrogatory, the jury found that the Tiptons gave the Nelsons a written, forwarding address.
On February 10, 1999, the trial court held a hearing on the issue of damages and attorney fees. On this same date, the trial court journalized an entry setting forth the general verdict in favor of the Tiptons on the Nelsons' claims for breach of contract and property damage. The trial court further found that the Nelsons wrongfully withheld the Tiptons' $1,600 security deposit and, therefore, the Tiptons were entitled to statutory double damages in the amount of $3,200 and reasonable attorney fees and expenses in the amount of $26,744.75 plus $400 for expert witness fees.
The Nelsons (hereinafter "appellants") have appealed to this court, assigning the following errors for our consideration:
 I. The trial court erred in finding that Defendants were entitled to an award of twice the amount of their total security deposit plus attorneys' fees under Ohio Rev. Code § 5321.16(C).
 II. The trial court erred first by entering judgment that was directly contradicted by Defendants' responses to Plaintiffs' request for admissions and thus against the manifest evidence, and then by denying Plaintiffs' motion for judgment notwithstanding the verdict.
 III. The trial court erred by entering judgment based upon a jury interrogatory response that was directly contradicted by another of Defendants' responses to Plaintiffs' request for admissions and thus against the manifest weight of the evidence.
 IV. The trial court erred in awarding attorneys' fees which were related to claims other than those relating to
Defendants' security deposit.
 V. The trial court abused its discretion in awarding Defendants all of their attorneys' fees under Ohio Rev. Code § 5321.16(C), because those fees were excessive and unreasonable.
Appellants' first, second and third assignments of error are interrelated and, therefore, will be addressed together. In essence, appellants contend that judgment should not have been rendered in favor of the Tiptons (hereinafter "appellees") on their counterclaim alleging appellants wrongfully withheld the security deposit. We note that appellants have not appealed from the judgment against them on their breach of contract and property damage claims. As to appellees' counterclaim, appellants first contend that the judgment in favor of appellees was erroneous because it directly conflicted with admissions made by appellees. Specifically, appellants contend that appellees admitted they did not possess any documentation showing they had provided appellants with a forwarding address. Under R.C. 5321.16, a landlord is not obligated to return any portion of a security deposit if the tenant fails to provide the landlord with a forwarding address.Vardeman v. Llewellyn (1985), 17 Ohio St.3d 24, 27. In addition, appellants contend that appellees admitted part of the September 1997 rent was to be taken out of the security deposit and, therefore, not all of the security deposit was wrongfully withheld.
Appellees' evidence at trial contradicted their prior admissions, and the jury specifically found that appellees provided appellants with a written forwarding address. In addition, and as previously noted, appellees had filed amended responses to appellants' request for admissions. In such amended responses, appellees stated that they had documentation showing they provided appellants with a forwarding address and indicated that such documentation had been provided to appellants' counsel. Appellants contend that because appellees originally admitted they had no such documentation and that part of the September rent was to be taken from the security deposit, such matters were conclusively established and, therefore, judgment should not have been rendered in favor of appellees on the counterclaim. Appellees assert appellants waived any claim of error in this regard. For the reasons that follow, we find appellants' contentions are not well-taken.
In Balson v. Dodds (1980), 62 Ohio St.2d 287, paragraph two of the syllabus, the Supreme Court of Ohio held that pursuant to Civ.R. 36(B), a trial court, upon motion, may permit the withdrawal or amendment of a Civ.R. 36(A) admission when presentation of the merits of the action will be subserved thereby, and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice him or her in maintaining the action or defense on the merits. Here, appellees never filed an actual motion to withdraw or amend their admissions. Rather, appellees simply filed amended responses as to the issue of a forwarding address. However, an actual motion is not required.
In Balson, the Supreme Court noted that Civ.R. 36(B) does not require a written motion be filed. Id. at 290, fn. 2. By simply contesting the truth of the admissions for purposes of summary judgment, the party in Balson satisfied the Civ.R. 36(B) requirement of moving the trial court to withdraw or amend the admissions, and the trial court did not abuse its discretion in so finding. Id. See, also, Nursing Staff of Cincinnati, Inc. v.Sherman (1984), 13 Ohio App.3d 328, 330 (trial court did not err in allowing a party at trial to contest a fact that was subject to a prior admission when no formal request to amend/withdraw had been made and where the trial court finds the best interest of justice is served and no substantial prejudice results); Huffmanv. Mayse (Sept. 20, 1995), Wayne App. No. 95CA-0006, unreported.
Civ.R. 36(B) emphasizes the importance of having the action resolved on the merits, while at the same time assuring each party that justified reliance on an admission in preparation for trial will not operate to his or her prejudice. ClevelandTrust Co. v. Willis (1985), 20 Ohio St.3d 66, 67. In the case at bar, appellees filed amended responses to the request for admissions on the matter of the forwarding address. Such amendments were filed on November 24, 1998 — two months prior to trial. During the trial, Ms. Tipton testified that the request for admissions caused her to look for the record showing she provided Mr. Nelson with a forwarding address. (Tr. 344.) Ms. Tipton could not find this record; therefore, she answered in the response that she did not have such a record. Id. at 345. After appellees found the record, they brought it to the attention of the trial court and appellants' counsel. Id. at 346. Ms. Tipton testified that she gave Mr. Nelson a written, forwarding address on the day appellees moved out, and the document purporting to show such fact was admitted into evidence.
Appellants did not object to appellees' filing of amended responses nor did they object to Ms. Tipton's testimony at trial. As to the matter involving the September rent, appellants never objected to testimony that could be said to contradict the related admission. Errors arising during the course of a trial which are not brought to the attention of the trial court by objection or otherwise are waived and may not be raised on appeal.Stores Realty Co. v. Cleveland (1975), 41 Ohio St.2d 41, 43. See, also, Goldfuss v. Davidson (1997), 79 Ohio St.3d 116, syllabus (the plain error doctrine is not favored in civil cases and may be applied only in the extremely rare case involving exceptional circumstances). Given that appellants had sufficient notice prior to trial that appellees had amended certain responses to the request for admissions, never objected to such amendments and did not object to testimony related to any previous admission, the trial court did not err in accepting such amendments and in allowing such testimony to be presented.
Appellants next contend that the judgment in favor of appellees on the security deposit counterclaim was against the manifest weight of the evidence and that the trial court erred in failing to grant their motion for judgment notwithstanding the verdict. Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence. C.E. Morris Co. v. Foley Construction Co.
(1978), 54 Ohio St.2d 279, syllabus. If the evidence is susceptible to more than one interpretation, this court must give it the interpretation consistent with the trial court's judgment. See Cent. Motors Corp. v. Pepper Pike (1995), 73 Ohio St.3d 581,584.
As to appellants' motion for judgment notwithstanding the verdict, the standard of review is the same standard that is applied for motions to directed verdicts. The motion should be granted when the trial court, construing the motion most strongly in favor of the nonmoving party, finds that upon any determinative issue, reasonable minds could come to but one conclusion upon the evidence submitted, and such conclusion is adverse to the nonmoving party. Mantua Mfg. Co. v. Commerce Exchange Bank
(1996), 75 Ohio St.3d 1, 4. Neither the weight of the evidence nor the credibility of the witnesses is for the court's determination in ruling upon a motion for judgment notwithstanding the verdict. Nickell v. Gonzalez (1985), 17 Ohio St.3d 136, 137, quoting Posin v. A.B.C. Motor Court Hotel (1976), 45 Ohio St.2d 271,275.
The main issues under appellees' counterclaim were whether or not appellees provided appellants with a forwarding address and whether or not appellants wrongfully withheld any of appellees' security deposit. R.C. 5321.16 addresses security deposits and states, in pertinent part:
 (B) Upon termination of the rental agreement any property or money held by the landlord as a security deposit may be applied to the payment of past due rent and to the payment of the amount of damages that the landlord has suffered by reason of the tenant's noncompliance with section 5321.05 of the Revised Code or the rental agreement. Any deduction from the security deposit shall be itemized and identified by the landlord in a written notice delivered to the tenant together with the amount due, within thirty days after termination of the rental agreement and delivery of possession. The tenant shall provide the landlord in writing with a forwarding address or new address to which the written notice and amount due from the landlord may be sent. If the tenant fails to provide the landlord with the forwarding or new address as required, the tenant shall not be entitled to damages or attorneys fees under division (C) of this section.
R.C. 5321.16(B) permits a landlord to apply the security deposit in payment of any past due rent and for damages caused by the tenant's failure to comply with R.C. 5321.05.[2]Vardeman, supra, at 27. R.C. 5321.16(B) also requires that the landlord, within thirty days after termination of the rental agreement and delivery of possession, submit a written itemization and identification of deductions from the security deposit to the tenant together with the amount due the tenant. Id. The tenant is required to provide the landlord with a forwarding address, and the failure to do so, while not foreclosing the tenant's right to seek recovery of the security deposit, precludes the tenant from seeking damages and attorney fees as provided in R.C. 5321.16(C).Id.
As indicated above, the parties disputed whether or not appellees provided appellants with a forwarding address. At trial, Ms. Tipton testified that she gave Mr. Nelson a forwarding address on September 14, 1997, the day appellees moved out. (Tr. 341-343.) Ms. Tipton testified that she found an invoice used by her husband in his business, wrote the forwarding address on the top sheet of such invoice, tore off the portion she had written on and gave Mr. Nelson such portion. Id. at 342. Ms. Tipton identified defendant's exhibit D which was the invoice she described. Such invoice contained a top sheet with the lower left portion torn off and an attached bottom carbon sheet with appellees' forwarding address written in the area that coincided with the top portion that had been torn off. Mr. Nelson denied ever having received a forwarding address from appellees.
The jury returned an interrogatory specifically finding that appellees provided appellants with a written, forwarding address. Hence, the issue was one of credibility, and the jury obviously believed Ms. Tipton's testimony regarding the forwarding address. This court cannot pass on issues of credibility. If believed, Ms. Tipton's testimony along with the invoice admitted into evidence constituted sufficient evidence under both the C.E.Morris standard and the standard applied to a motion for judgment notwithstanding the verdict. Accordingly, there was no error in accepting and we will not reverse the jury's finding that appellees provided appellants with a written, forwarding address.
In addition, there was no dispute at trial that appellants did not provide appellees with a written itemized list of deductions as required by R.C. 5321.16(B). R.C. 5321.16(C) states that if the landlord fails to comply with division (B), the tenant may recover the property and money due the tenant, damages in an amount equal to the amount wrongfully withheld and reasonable attorney fees. The amount due under R.C. 5321.16(B) and (C) is the security deposit, less any amounts properly deducted by the landlord. Vardeman at 28-29. The term "wrongfully withheld" means the amount owed the tenant over and above any deduction lawfully made. Id. at 29. The failure of the landlord to provide the tenant with an itemized list of deductions renders the landlord liable for double damages only as to the amount wrongfully withheld and not as to the entire amount of the security deposit. Id. See, also, Smith v. Padgett (1987),32 Ohio St.3d 344, paragraph three of the syllabus. Hence, the question becomes what amount, if any, was wrongfully withheld from appellees' security deposit.
Appellees were awarded $3,200 in damages on their counterclaim. This represented double damages based upon the full $1,600 security deposit. Appellants contend that they could have lawfully deducted an amount representing fourteen days rent for September 1997. There was no dispute that appellees did not move out until September 14, 1997 and did not pay any rent for September. However, the parties did dispute whether or not there was an agreement that appellees not pay rent in September 1997. Again, the issue of whether or not appellants told appellees that rent did not have to be paid for September 1997 was one of credibility and given the jury's general verdict in favor of appellees, it obviously believed appellees' version. Because there was evidence to support this verdict, we will not disturb the judgment stemming from such verdict.
Next, appellants contend they lawfully withheld amounts for certain damages. For example, appellants asserted appellees were liable for $325 for yard maintenance. The parties disputed whether or not appellees were obligated to pay for the care of the lawn. There is no evidence that under the rental agreement, appellees were obligated to pay for the maintenance of the lawn, and R.C. 5321.05 does not require a tenant pay for maintaining the yard. In addition, appellants contended they spent $909.87 for repairs to bring the house up to rental condition. However, there was little if any testimony as to the specifics of such repairs. In addition, there was testimony to support a finding that the house was left in proper condition. Again, since the jury could reasonably find in favor of appellees on this specific issue, we will not disturb any judgment based on such finding.
There is undisputed evidence, however, that appellees were to pay a portion of a water bill. Appellees testified that Mr. Nelson informed them that he would prorate a water bill that he had yet to receive and which included water used while appellees lived in the house. (Tr. 331, 344.) Such water bill was admitted into evidence. This bill totaled $35.01 and was for the period of September 4, 1997 through December 3, 1997. Appellees lived in the house through September 14, 1997 and, therefore, were liable for eleven out of the ninety-one days covered under the above water bill. Prorating such bill based on the number of days appellees lived in the house, appellees would be liable for $4.23 of such bill. Hence, $4.23 of the security deposit was not wrongfully withheld, and to the extent the judgment did not reflect such lawful deduction, it was against the manifest weight of the evidence. For the same reason and only to this extent, the trial court should have granted appellants' motion for judgment notwithstanding the verdict.
In summary, the judgment in favor of appellees on their counterclaim, in general, was proper. Appellees provided appellants with a written, forwarding address. Appellants failed to provide appellees with a written itemization of deductions from the security deposit and wrongfully withheld $1,595.77 ($1,600 minus $4.23 for appellees' portion of the water bill). Therefore, judgment in favor of appellees was proper, but it should have been in the amount of $3,191.54 ($1,595.77 x 2). Accordingly, appellants' first, second and third assignments of error are overruled in part and sustained in part, but only as to the amount of damages as set forth above.
In their fourth assignment of error, appellants contend the trial court erred in awarding appellees all of their attorney fees. Pursuant to R.C. 5321.16(C), a tenant may recover reasonable attorney fees if a landlord fails to comply with R.C.5321.16(B). Specifically, if the landlord wrongfully withholds any amount of the security deposit, the tenant may be awarded attorney fees. Vardeman, supra, at 29. The trial court shall determine the amount of such fees based upon the evidence presented, and such determination shall not be reversed except upon an abuse of discretion. Padgett, supra, at paragraph four of the syllabus. While the standard of review is abuse of discretion, the attorney fee award must relate solely to the fees attributable to the tenant's security deposit claim under R.C.5321.16. Id.
In Padgett, the tenants filed suit seeking the balance of their security deposit. In addition, the tenants set forth a claim for breach of contract. The Supreme Court stated that where a tenant brings claims in addition to a security deposit claim, an attorney fees award must relate solely to the fees attributable to the security deposit claim and not to any additional claims. Id. at 349. Here, appellees were awarded all of their attorney fees — $26,744.75. In other words, appellees were awarded attorney fees that were attributable not only to their security deposit claim but to defending against the breach of contract and property damage claims brought by appellants. In so awarding, the trial court stated that the present case was distinguishable from the facts in Padgett in that the security deposit claim here was intermingled with the entire litigation. (Feb. 10, 1999 hearing Tr. at 76.) The trial court stated that the security deposit claim involved all of the issues, and there was no reasonable way to sort out such claim. Id.
We agree in general with the trial court's statement that the issues were intermingled. For example, appellees could not prevail on their security deposit claim if appellants prevailed on their breach of contract claim. In other words, appellants would not have wrongfully withheld appellees' security deposit if the jury concluded there was no agreement to terminate the lease early. In this sense, the claims were interrelated. However, this alone cannot support the award of all appellees' attorney fees. While the outcome of one claim may determine the outcome of another, this does not mean that the claims are the same and that R.C. 5321.16(C) applies to a claim other than a security deposit claim.
The law only allows an award of those attorney fees relating solely to the security deposit claim. Padgett at 349. However, courts have allowed attorney fees that relate to both the security deposit claim and to defending against a landlord's counterclaim for alleged damages and/or unpaid rent when such claims are virtually indivisible. See Lacare v. Dearing (1991),73 Ohio App.3d 238, 241-242; Buck v. Georgian Manor Investments
(Mar. 30, 1995), Cuyahoga App. No. 67-170, unreported; Opsomer v.Gray (May 29, 1986), Henry App. No. 7-84-20, unreported. We do not dispute the difficulty a trial court faces in determining reasonable attorney fees in R.C. 5321.16 cases when there are claims related to the security deposit claim. Indeed, in certain cases, the claims are virtually indivisible and an attorney fees award may properly include fees attributable to both asserting the security deposit claim and defending against the landlord's counterclaim. However, we do not find the present case to be one of those cases.
Here, the landlord brought the initial claim against the tenants. Appellants sought approximately $16,000 in damages for breach of contract and property damage. Appellees left the premises prior to the expiration of the written lease agreement. The parties disputed whether or not they agreed to such early termination. The evidence on this issue consisted of the conflicting testimony of the parties which amounted only to brief and general statements as to what appellants did or did not say to appellees. The determination of such issue came down to whose testimony the jury believed. This was a clear claim for breach of contract and for which R.C. 5321.16(C) does not allow attorney fees. In other words, this case does not involve a situation where the claims are virtually indivisible.
An example of a case involving indivisible claims would be where the parties merely disputed how much, if any, of the security deposit was returnable. Such dispute may come in the form of two different claims such as a tenant's R.C. 5321.16
security deposit claim and a landlord's property damage/breach of contract claim. The landlord may have withheld part of the security deposit because the tenant allegedly failed to maintain the premises as required under R.C. 5321.05, and the landlord had to expend funds to correct any problems attributable to the tenant. Such funds would be properly withheld from the security deposit. The resulting disputes, even if in the form of two separate claims, become virtually indivisible from each other. In such a case, the trial court would not abuse its discretion in granting all of the tenant's reasonable attorney fees because the claims themselves essentially involved the same subject matter — the security deposit.
The case at bar is distinguishable from the above example. Here, we have clearly discernable claims. It is true that the outcome of one claim directly affected the outcome of the other (had the jury found appellees breached the lease agreement, appellees would not have prevailed on their security deposit claim); however, the subject matter of appellants' breach of contract claim and the subject matter of appellees' security deposit claim were not the same and certainly were not virtually indivisible. Rather, the claims, for the most part, involved separate elements and separate facts. Hence, the trial court abused its discretion in granting all of appellees' attorney fees.
Further, the amount awarded for attorney fees compared to the actual judgment for appellees is excessive. In McGregor v.Armeni (Nov. 20, 1990), Franklin App. No. 89AP-1500, unreported (1990 Opinions 5102, 5109), this court found attorney fees in the amount of $5,809.76 was excessive and unconscionable when the tenant sought only $465 on a security deposit claim. This court noted that R.C. 5321.16(C) allows "reasonable" attorney fees and where the amount recovered is small compared to the attorney fees assessed, such attorney fees award may be excessive. Id. at 5109-5110, quoting Padgett at 350, J. Wright, concurring. See, also, Fant v. DiSabato (Dec. 29, 1987), Franklin App. No. 87AP-265, unreported (1987 Opinions 3338, 3343-3344) (an attorney fees award of $3,712.50 is excessive, and the tenants' attorney could not have reasonably charged the tenant such amount when the net judgment amounted only to $255).
In Cook v. Downey (June 30, 1988), Franklin App. No. 87AP-1075, unreported (1988 Opinions 2497), jurisdictional motion overruled in (1988), 39 Ohio St.3d 707, this court affirmed a trial court's attorney fees award that was based on a comparison between the amount of the security deposit claim and the total amount requested in all claims. In finding the trial court did not abuse its discretion, this court stated that a tenant is entitled to recover reasonable attorney fees both in asserting the tenant's claim and in defending against the landlord's counterclaim for property damage. Id. at 2499. However, this court indicated that a reasonable sum was awarded for attorney fees ($650) considering the amount of the judgment for the tenant ($667). Id. Hence, we do not read the Cook case as authority for affirming what the trial court in this case did. Indeed, the trial court here did no comparison between the amount appellees requested under their security deposit claim and the total amount requested under all claims. In addition, the amount of the judgment ($3,200) compared to the attorney fees granted ($26,472.39) is significant. Accordingly, the amount awarded for attorney fees was unreasonable, and for this reason as well, the trial court abused its discretion in granting all of appellees' attorney fees.
Given all of the above, we find the trial court abused its discretion in awarding appellees $26,472.39, which represented all of their attorney fees. Under the facts of this case, appellees were not entitled to attorney fees that undoubtedly were attributable to the breach of contract claim. While it may not be possible to discern the exact amount so attributable, the trial court should have made an attempt to determine the proper amount. Upon remand, the trial court should make this determination based upon factors including, but not limited, to the amounts requested by both parties under their individual claims, the amount actually awarded appellees, the evidence presented at the damages hearing, and any other factor consistent with law and this opinion.
As a result of the above, appellants' fourth assignment of error is sustained, and we remand the cause to the trial court for a new hearing on attorney fees. Accordingly, appellants' fifth assignment of error is rendered moot.
In summary, appellants' first, second, and third assignments of error are overruled in part and sustained in part. Appellants' fourth assignment of error is sustained, and the fifth assignment of error is moot. The judgment of the Franklin County Court of Common Pleas is affirmed in part and reversed in part. This cause is remanded to the trial court with instructions to vacate its previous judgment and enter judgment in favor of appellees in the amount of $3,191.54 and to hold a new hearing, consistent with this opinion, on attorney fees.
Judgment affirmed in part and reversed in part; and cause remanded with instructions.
DESHLER and BROWN, JJ., concur.
[1] See January 22, 1998 amended complaint.
[2] R.C. 5321.05 sets forth the obligations of a tenant which include, in part, keeping the premises safe and sanitary, disposing of all rubbish, garbage and other waste, and maintaining in good working order and condition any appliance supplied by the landlord and required to be maintained by the tenant under the rental agreement.