## Barton v. Thompson.

56  571
89   24

56   571
114  418

1. **Evidence**: PROOF OF GOOD CHARACTER: WHEN ADMISSIBLE IN
CIVIL ACTION: In a civil action evidence of the good character of the
defendant is only admissible where intention is the point in issue and the
proof consists of slight circumstances.

2. **Practice**: LAW OF THE CASE: WHAT IS. While in general a deci-
sion of the Supreme Court constitutes the law of the case in which it is
made, yet if such decision is overruled before the final trial of the case it
is the duty of the inferior court in such trial to follow the rule last es-
tablished.

*Appeal from Mitchell Circuit Court.*

### WEDNESDAY, OCTOBER 5.

THIS is an action to recover damages for the alleged will-
fully and maliciously setting fire to and causing to be burned
certain stacks of wheat of the plaintiff. There was a jury
trial, resulting in a verdict and judgment for the defendant.
The plaintiff appeals. This is the same case that was before
the court upon a former appeal. See 46 Iowa, 30.

*D. W. Poindexter* and *Starr & Harrison*, for appellant.

*C. D. Ellis* and *L. M. Ryce*, for appellee.

DAY J.—I. The court instructed the jury, in substance,
that evidence of the defendant's prior good character was to be
1. EVIDENCE:  weighed and considered by them, and if there-
proof of good
character:  from a reasonable doubt was raised it was their
when admis-
s.b e in civil  duty to find for the defendant. In civil cases
act.on.
evidence of general character is not admitted unless the na-
ture of the action involves the general character of the party,
or goes directly to affect it. 1 Greenleaf on Evidence, Sec.
54, and authorities cited in note 3. But " generally in ac-
tions of tort, where the defendant is charged with fraud from
mere circumstances, evidence of his general good character
is admissible to repel it." Id. The better doctrine seems to
be that evidence of good character should be confined to cases

where intention is the point in issue, and the proof consists of slight circumstances. This is the rule which was established in the leading case of *Ruan v. Perry*, 3 Caines, 120. Beyond the rule recognized in this case, the best considered cases have not extended the admissibility of evidence of good character in a civil action. That such evidence is not entitled to consideration in a case such as this is clearly established by the following authorities: *Fowler v. Ætna Fire Ins. Co.*, 6 Cowan, 673; *Schmidt v. N. Y. Ins. Co.*, 1 Gray, 535; *Attorney General v. Bowman*, 2 Bos. and Rol., 532; *Humphrey v. Humphrey*, 7 Conn., 116. The court erred in giving the instructions under consideration.

II. Upon the trial of this case the court instructed, in harmony with the rule adopted upon the former appeal, that 2. PRACTICE: law of the case; what is. it is incumbent upon the plaintiff, in order to a recovery, to prove the facts alleged beyond a reasonable doubt. Since the trial of this case in the court below the case of *Barton v. Thompson*, 46 Iowa, 30, has been overruled. See *Welch v. Jugenheimer*, *ante*, 11. It is the established doctrine of the courts that a decision once made in a case constitutes the law of the particular case, and will not upon a subsequent appeal in the same case be overruled or examined, however well satisfied this court may be that it is erroneous. *Adams County v. B. & M. R. R. Co.*, 55 Iowa, 94, and authorities cited. As the court below followed the rule originally adopted in this case, we would not feel justified, under the authorities above referred to, in adopting a different rule upon this appeal, which would lead to a reversal of the case. But, as it becomes necessary to reverse this case upon other grounds, and as the rule originally adopted has been overruled in another case, and is no longer the law of the State, it will be the duty of the court in the further prosecution of this case to follow the rule adopted in *Welch v. Jugenheimer*, *supra*.

For the error considered in the first branch of this opinion the judgment is

REVERSED.