Argued July 25, reversed and remanded October 2, reconsideration denied December 12, review denied December 19, 1978, 284 Or 521

ELLSWORTH, *Appellant,*
*v.*
GLADDEN, *Respondent.*
(Case No. 76-285 L, CA No. 10245)

584 P2d 774

Jan Perkins, Oregon Legal Services, Klamath Falls, argued the cause and filed the brief for appellant.

Mike Ratliff, Klamath Falls, filed the brief for respondent. With him on the brief was Parks & Ratliff, Klamath Falls.

Before Schwab, Chief Judge, and Lee, Richardson,* and Joseph, Judges.

LEE, J.

*Richardson, J., did not participate in this decision.

**LEE, J.**

This is an appeal from a circuit court judgment denying plaintiff tenant's claim that she is entitled to damages in the amount of $100 because of defendant's withholding of her security deposit, ORS 91.760(8).

Plaintiff and defendant stipulated to the following pertinent facts:

"1) Plaintiff rented the premises * * * from the defendant.

"2) Upon entry into the premises plaintiff paid to defendant the sum of $50.00 as and for a cleaning deposit.

"3) Plaintiff terminated the rental agreement and delivered control of the premises on August 6, 1975.

"4) Plaintiff requested the return of her cleaning deposit at the time of delivery and was informed by defendant that he would first have to assess the condition of the premises and would after having done so, prepare a written statement and allow her to inspect the premises with him and discuss any damage.

"5) Plaintiff, on leaving, informed defendant's wife that she was moving to the Shasta View Apartments and gave to defendant's wife her new phone number.

"6) On August 9, 1975 defendant's wife called plaintiff on the telephone and told her that damage to the premises exceeded the $50.00 but, due to plaintiff's efforts to clean the premises a refund of $12.00 would be made and plaintiff could come to defendant's home where defendant would give to plaintiff a written accounting of the damage and explain to her the withholding of the deposit.

"7) Plaintiff in response informed defendant's wife that plaintiff believed she was entitled to all of the deposit and she therefore wanted all of the deposit and did not wish to come to defendant's home to see an accounting and further, that she had consulted an attorney and desired that defendant contact her attorney.

"8) Defendant made no further attempts after the phone call of August 9, 1975, to contact plaintiff, either by phone or by letter or other means.

[ 387 ]

"9) Plaintiff has never received the deposit or any portion of it."

On the basis of the above facts, the circuit court denied plaintiff's action.

Oregon's Residential Landlord and Tenant Act, ORS 91.700 *et seq,* provides in pertinent part:

"(6) In order to claim all or part of the security deposit, within 30 days after the termination of the tenancy and delivery of possession the landlord *shall give* to the tenant a written accounting which states specifically the basis or bases of the claim.

"(7) The security deposit or portion of the deposit not claimed in the manner provided by subsection (6) of this section shall be returned to the tenant not later than 30 days after the termination of the tenancy and delivery of possession to the landlord.

"(8) If the landlord fails to comply with subsection (7) of this section * * * the tenant may recover the property and money due him in an amount equal to twice the amount wrongfully withheld." ORS 91.760 (6) to (8). (Emphasis supplied.)

Plaintiff contends that in the instant case, defendant's failure to give plaintiff a written accounting combined with defendant's retention of the security deposit for more than 30 days entitles plaintiff to the damages provided in subsection (8). We agree.

In an attempt to ensure that a security deposit was not wrongfully retained by a landlord, the legislature gave the landlord the duty of providing a specific written accounting to the tenant before he could claim all or part of a security deposit. According to the stipulated facts of the instant case, however, defendant did not provide plaintiff with an accounting. Defendant's wife merely stated that plaintiff could come to defendant's home where defendant would give plaintiff a written accounting. We do not perceive that plaintiff has a duty to go and get the accounting. To the contrary, the duty of giving the accounting is upon the landlord. Defendant made no further effort to contact plaintiff within the 30 day period and defend-

[ 388 ]

ant did not even mail a copy of the accounting to plaintiff's last known address. There was no evidence of plaintiff's bad faith. ORS 91.730.[1] Absent a showing that plaintiff maneuvered to avoid receiving an accounting, plaintiff is entitled to judgment.

Reversed and remanded for entry of judgment for plaintiff.

_____

[1] ORS 91.730 provides:

"Every duty under ORS 91.700 to 91.895 and every act which must be performed as a condition precedent to the exercise of a right or remedy under ORS 91.700 to 91.895 imposes an obligation of *good faith* in its performance or enforcement." (Emphasis supplied.)