**Gary SEIFERT, Appellant,**

v.

**Dr. Derald D. DOSLAND, Appellee.**

No. 67220.

Supreme Court of Iowa.

Jan. 19, 1983.

Bert Watson, Clinton, for appellant.

Dr. Derald D. Dosland, Clinton, pro se, for appellee.

Considered by REYNOLDSON, C.J., and LeGRAND, UHLENHOPP, HARRIS, and McCORMICK, JJ.

LeGRAND, Justice.

Gary Seifert brought action in small claims court against his landlord, Dr. Derald D. Dosland, seeking the return of an $88 rental deposit. The magistrate rejected plaintiff's claim and upon subsequent appeal, so did the district court. We granted plaintiff's petition for discretionery review and now reverse the decision of the trial court.

The facts are undisputed. Plaintiff admits he abandoned the property without giving defendant sufficient notice of his intention to move. Defendant, on the other hand, admits that, because of the damages he suffered, he refused to return plaintiff's rental deposit of $88. Defendant further admits his refusal to return the rental deposit was not preceded by written notice to plaintiff as required by Iowa Code section 562A.12(3). Finally, plaintiff does not dispute defendant's claim that he lost approximately one month's rent because of the plaintiff's breach.

Plaintiff argues that defendant failed to provide him with the statutorily required notice and that therefore he cannot withhold any of the rental deposit, even as an offset for lost rent. We agree.

We set out the two pertinent subsections to section 562A.12:

    3. A landlord shall, within thirty days from the date of termination of the tenancy and receipt of the tenant's

mailing address or delivery instructions, return the rental deposit to the tenant or furnish to the tenant a written statement showing the specific reason for withholding of the rental deposit or any portion thereof. If the rental deposit or any portion of the rental deposit is withheld for the restoration of the dwelling unit, the statement shall specify the nature of the damages. The landlord may withhold from the rental deposit only such amounts as are reasonably necessary for the following reasons:

    a. To remedy a tenant's default in the payment of rent or of other funds due to the landlord pursuant to the rental agreement.

     . . . .

4. *A landlord who fails to provide a written statement within thirty days of termination of the tenancy and receipt of the tenant's mailing address or delivery instructions shall forfeit all rights to withhold any portion of the rental deposit.* If no mailing address or instructions are provided to the landlord within one year from the termination of the tenancy the rental deposit shall revert to the landlord and the tenant will be deemed to have forfeited all rights to the rental deposit.

(Emphasis added.)

The plain language in subsection (4) of this statute makes a landlord's right to withhold a rental deposit dependent upon his compliance with its terms. The trial court held that a tenant should not be permitted to rely on Iowa Code section 562A.12(4) when he himself had not complied "with the terms of the Landlord/Tenant Act [Chapter 561]."

We disagree. The forfeiture provision of subsection (4) makes no exception for a tenancy wrongfully terminated by a tenant. Furthermore, the language of subsection (3)(a) is similarly broad. According to its terms "a tenant's default in payment of rent or of other funds due the landlord pursuant to the rental agreement" must be preceded by proper notice to the tenant.

Again, there is no exception for a tenant's violation of the lease. *Cf.* La.Rev.Stat.Ann. § 9:3251 (West 1981) (exempting landlord from notice requirement where tenant has abandoned the leasehold without giving landlord required notice). We are convinced the legislature intended this statute to be strictly enforced against landlords and to demand, without exception, compliance with section 562A.12(4) before allowing a landlord to withhold rental deposits.

We hold that the trial court erred in finding plaintiff's abandonment of his lease estopped him from subsequently asserting that the defendant failed to comply with the quoted provision of the statute. Defendant therefore may not retain the security deposit even to apply against unpaid rent. *Cf. Martinez v. Steinbaum,* Colo., 623 P.2d 49, 54 & n. 5 (1981) (citing *Heatherridge Management Co. v. Benson,* 192 Colo. 190, 558 P.2d 435 (1976) ) (applying Colorado law); *Sherwin v. Cabana Club Apartments,* 70 Ohio App.2d 11, 17, 433 N.E.2d 932, 937 (1980) (applying Ohio law); *Ellsworth v. Gladden,* 36 Or.App. 385, 388–89, 584 P.2d 774, 775 (1978) (applying Oregon law).

REVERSED.