**H–L APARTMENTS, Appellee,**

v.

**Zaid and Salimah AL–QAWIYY, Appellants.**

No. 88–678.

Supreme Court of Iowa.

May 17, 1989.

Mark L. Hill, Iowa City, for appellants.

Dean Phinney of H–L Apartments, Iowa City, pro se.

Considered by McGIVERIN, C.J., and SCHULTZ, CARTER, LAVORATO, and NEUMAN, JJ.

CARTER, Justice.

Plaintiff, H–L Apartments (landlord), brought a small claims action against former tenants, Zaid and Salimah Al–Qawiyy, seeking to recover damages for the cost of cleaning and repairing the leased premises, and for a portion of the rent which had not been paid. The tenants counterclaimed seeking punitive damages under Iowa Code section 562A.12(7) (1987) for bad faith withholding of the rental deposit by the landlord. The magistrate awarded the landlord damages, but reduced the amount of the recovery by a sum equal to twice the $225 rental deposit as a penalty for the landlord's failure to give timely notice of the retention of the deposit as required by Iowa Code section 562A.12. The magistrate denied the tenants' counterclaim for punitive damages and made no allowance of attorney fees pursuant to section 562A.12(8).

On the landlord's appeal to a district judge, the magistrate's judgment was modified. The district judge's order awarded the landlord judgment for the full amount of the damages which had been sustained. That order also provided for a judgment in

favor of the tenants against the landlord for the amount of the unreturned rental deposit and provided that the two judgments should not be offset. We granted the tenants' petition for discretionary review.

The following facts were found by the magistrate and confirmed by the district judge. The tenants received a letter on April 1, 1987, from the landlord's manager. That letter cited complaints by other tenants in the building and asked the tenants to vacate the apartment by May 1, 1987. On May 2, 1987, the tenants notified the landlord that they would vacate the apartment on June 1, 1987. On May 22, 1987, the tenants gave the landlord their forwarding address. They received a receipt for the return of the keys dated June 10, 1987.

The apartment manager inspected the apartment on June 15, 1987. On July 14, 1987, the manager sent a letter to the tenants indicating that the rental deposit would be retained as security for damages to the premises and requesting payment of an additional $408.24 for a partial month's rent and for the amount by which damages to the property exceeded the rental deposit.

After hearing the evidence, the magistrate determined the landlord had sustained $552.53 in damages and that the tenants were not entitled to punitive damages on their counterclaim. He found the tenants had terminated the tenancy on June 10, the day they returned the keys. Based on that finding, he concluded the landlord's notice of retention of the rental deposit was not timely. As a penalty for noncompliance, the magistrate ordered a forfeiture of the security deposit. Because the landlord already held the deposit, the magistrate concluded that a simple reduction of the landlord's damages by the amount of the withheld deposit would not sufficiently penalize the landlord for noncompliance with section 562A.12(4). The magistrate therefore reduced the landlord's damage award by twice the amount of the deposit and entered judgment against the tenants for the sum of $102.53.

On appeal to the district judge, additional evidence was received regarding the termination date of the tenancy. The judge ultimately approved the magistrate's findings of fact on that question and also the findings as to damages. The district judge modified the magistrate's judgment, however, in the manner previously indicated.

█ In this appeal, the tenants contend that the district judge erred in awarding the landlord the full amount of the damages it sustained. They argue the magistrate correctly penalized the landlord by requiring it to return the deposit and forfeit an equal amount of damages from its damage award. The tenants urge that, if the landlord is allowed to recover the full amount of its damages, there will have been no penalty for failing to send timely notice.

This appeal requires us to interpret the language of Iowa Code section 562A.12(4), which provides:

A landlord who fails to provide a written statement within thirty days of termination of the tenancy and receipt of the tenant's mailing address or delivery instructions *shall forfeit all rights to withhold any portion of the rental deposit.* If no mailing address or instructions are provided to the landlord within one year from the termination of the tenancy the rental deposit shall revert to the landlord and the tenant will be deemed to have forfeited all rights to the rental deposit.

(Emphasis added.) In *Seifert v. Dosland,* 328 N.W.2d 531 (Iowa 1983), we held that this section prevents a landlord who fails to send the tenant timely notice of the reason for withholding the rental deposit from retaining the deposit, even to apply against unpaid rent owed by the abandoning tenant. 328 N.W.2d at 532.

The tenants assert the *Seifert* decision required the landlord to forfeit any right to damages in addition to returning the rental deposit. We disagree. There was no indication in the *Seifert* decision that the landlord had brought an independent action for damages. Consequently, the opinion does not speak to the landlord's right to do so.

We believe, however, that the statute speaks to this question. The forfeiture which is provided applies only to the "rights to withhold any portion of the rental deposit." Iowa Code § 562A.12(4). In *Durene v. Alcime*, 448 So.2d 1208 (Fla. App.1984), the court concluded that a similar rental deposit statute did not preclude an independent action for damages by a landlord. We approved the rationale of the *Durene* case in *Whitehorn v. Lovik*, 398 N.W.2d 851, 855 (Iowa 1987). Unless we retreat from that view in the present case, we must find that the district judge correctly applied the statute.

The tenants rely on decisions such as *Martinez v. Steinbaum*, 623 P.2d 49 (Colo. 1981), *Sherwin v. Cabana Club Apartments*; 70 Ohio App.2d 11, 433 N.E.2d 932 (1980); and *Ellsworth v. Gladden*, 36 Or. App. 385, 584 P.2d 774 (1978). In those cases, landlords who failed to send timely notice of retention of the security deposit were held liable for a penalty in an amount double or triple the amount of the security deposit. We cited these decisions with approval in *Seifert v. Dosland*, but only in support of the proposition that a tenant's breach of the rental agreement does not relieve the landlord from its obligation to send timely notice of the reasons for its retention of the security deposit. *Seifert*, 328 N.W.2d at 532.

In the *Martinez, Sherwin,* and *Ellsworth* decisions, the courts were not reducing the damage awards to which the landlords were entitled, but were applying statutes which expressly permitted the imposition of a penalty equal to double or triple the withheld deposit against a landlord retaining a deposit "wrongfully" or "willfully." *See Martinez*, 623 P.2d at 55 (applying Colo.Rev.Stat. § 38–12–103(3)(a) (1973)); *Sherwin*, 70 Ohio App.2d at 17, 433 N.E.2d at 937 (applying Ohio Rev.Code § 5321.16(C)); *Ellsworth*, 36 Or.App. at 388, 584 P.2d at 775 (applying Or.Rev.Stat. § 91.760(8)). The courts in these decisions recognized that the penalty for a landlord's

failure to send timely notice of deposit retention is separate from the landlord's independent right to maintain an action for damages to the premises. *See Sherwin*, 70 Ohio App.2d at 18, 433 N.E.2d at 937; *accord Oak Park Village v. Gorton*, 128 Mich.App. 671, 681, 341 N.W.2d 788, 792–93 (1983).

■ The "sting" to be imposed for a violation of section 562A.12(4) is provided in section 562A.12(7), which states:

> The bad faith retention of a deposit by a landlord, or any portion of the rental deposit, in violation of this section shall subject the landlord to punitive damages not to exceed two hundred dollars in addition to actual damages.

In addition, section 562A.12(8) provides the court may award the prevailing party reasonable attorney fees. The availability of actual and punitive damages and attorney fees under these statutes refutes the tenants' argument that requiring forfeiture of an amount of damages equal to the wrongfully withheld deposit is the only way to provide a meaningful incentive for the landlord to comply with the statutes. No punitive damages were awarded by the magistrate in the present case, apparently due to his belief that a good-faith dispute existed concerning when the tenancy had been terminated and how to compute the required time for the notice of retention. The district court upheld that finding and we affirm its decision in that regard.

We conclude that the district judge was correct in permitting the landlord to recover for the damages which were established by the evidence. The judgment from which this appeal was taken is affirmed.[1]

AFFIRMED.

---

**1.** The provision in the district court judgment that the two judgments shall not be offset is affirmed on the basis that it follows Iowa Rule of Civil Procedure 225. The parties are free, however, to file postjudgment applications un-

der that rule for a supplemental order on tender