David A. BACULIS,
Plaintiff–Appellant/Cross–
Appellee,

v.

Richard J. McDOUGALL and Thomas
M. McDougall, Defendants–
Appellees/Cross–Appellants.

No. 89–716.

Court of Appeals of Iowa.

June 26, 1990.

Emmit J. George, Jr., Iowa City, for plaintiff-appellant/cross-appellee.

James C. Larew of Hayek, Hayek, Hayek & Holland, Iowa City, for defendants-appellees/cross-appellants.

Heard by SCHLEGEL, P.J., and SACKETT and HABHAB, JJ.

SACKETT, Judge.

This case addresses several disputes between a landlord and tenant following the tenant's vacation of a residential property. The landlord, plaintiff-appellant David Baculis appeals the district court judgment awarding him $550 for damages caused to the residence he rented to defendants-appellees Richard J. McDougall and Thomas M. McDougall. Plaintiff contends the district court incorrectly denied other claims he made regarding defendants' notice to terminate, additional damages caused by defendants, and conversion of personal property by defendants. Defendants cross-appeal, contending they are entitled to money damages because plaintiff did not comply with discovery rules, did not keep their deposit in a federally-insured bank account, and did not keep the house in a condition to comply with city housing codes. We affirm the district court judgment.

■ Plaintiff contends the trial court erred in concluding defendants gave sufficient notice to terminate their lease and that the trial court did not adequately compensate him for damage defendants did to the premises. Plaintiff also contends the court erred in considering only certain evidence and concluding that defendants did not convert or discard personal property of plaintiff's on the premises. We have reviewed the evidence relating to all these claims. There is conflicting testimony on each issue. This is a law action. We are bound by the trial court's factual determinations if they are supported by substantial evidence. Iowa R.App.P. 14(f)(1). We find

they are, and we affirm the trial court judgment on all issues plaintiff raises on appeal.

■ On cross-appeal, defendants first contend plaintiff improperly withheld their rental deposit. The trial court found defendants responsible for damage to the property and awarded plaintiff $550 damages. The amount awarded plaintiff represented the amount of the damage deposit plus accrued[1] interest. We find substantial evidence to support the trial court's conclusion that defendant's damaged the premises in the amount of $550. Therefore, the judgment was offset by the unreturned rental deposit and the trial court ordered the judgment satisfied. This procedure is similar to that approved by the court in *H–L Apartments v. Al–Qawiyy*, 440 N.W.2d 371 (Iowa 1989). We find no error on this issue.

■ Defendants also contend plaintiff did not keep their rental deposit in a proper bank account as required by Iowa Code section 562A.12 (1989). Defendants argue that because of this, the trial court should have awarded them costs, attorney's fees, and punitive damages. Section 562A.12(2) reads as follows:

All rental deposits shall be held by the landlord for the tenant, who is a party to the agreement, in a bank or savings and loan association or credit union which is insured by an agency of the federal government. Rental deposits shall not be commingled with the personal funds of the landlord. Notwithstanding the provisions of chapter 117, all rental deposits may be held in a trust account, which may be a common trust account and which may be an interest bearing account. Any interest earned on a rental deposit during the first five years of a tenancy shall be the property of the landlord.

The two main requirements of this section are that the landlord hold the deposits in a federally insured financial institution and that he or she not commingle rental deposits with personal funds. In order to prove the rental deposits have not been commingled, a landlord must keep records that account for each deposit and periodically reconcile the account to assure the account contains sufficient funds to cover the deposits of all renters.

Plaintiff merely testified he had approximately $14,000 in a federally insured account. There was no evidence submitted to prove that amount was sufficient to cover the deposits of all his tenants or to show there was no comingling of personal funds in the account.

The burden is on the landlord to produce sufficient documents to show compliance with the law. To comply, landlords must maintain complete records of all rental deposits coming into their possession, and must maintain records sufficient to demonstrate compliance with Iowa Code section 562A.12(2).[2]

Plaintiff did not strictly comply with the statute. The trial court made no award of costs, attorney fees, or punitive damages award for plaintiff's failure to show strict compliance with the statute. We find no reason to disturb this determination. *See H–L Apartments v. Al–Qawiyy*, 440 N.W.2d 371, 373 (Iowa 1989).

Defendants next contend the trial court should have awarded them damages for plaintiff's failure to comply with state and

---

1. Plaintiff has not challenged the crediting of accrued interest to the tenant.

2. Landlords may find guidance in the accounting practices required of attorneys and real estate brokers in Iowa who are holding client funds in trust. *See* Iowa Code of Professional Responsibility DR 9–102(B)(3) (lawyer must "[m]aintain complete records of all funds, securities, and other properties of a client coming into the possession of the lawyer and render appropriate accounts to the client regarding them"); DR 9–103(A) (lawyer must maintain records sufficient to demonstrate compliance with DR 9–102); 193E Iowa Admin.Code 1.27 (real estate broker must maintain "trust" account for earnest payments and other funds; "A broker shall maintain ... a general ledger for the trust account and an account ledger for each account or transaction which shall provide a complete record of all moneys received on real estate transactions, rents and management funds, including the sources of the money, the date of receipt, depository, and date of deposit; and when a transaction has been completed, the final disposition of the moneys.").

local housing ordinances. They contend the property was not in compliance with the housing ordinance during their occupancy. Defendants contend the lack of compliance is a breach of the rental contract. Defendants did not make a sufficient record to support an award of damages to them on this issue. We find no error here.

 Defendants also contend the trial court erred in failing to grant them sanctions against plaintiff for his failure to comply with discovery rules. We will not reverse a trial court's decision regarding discovery sanctions unless we find an abuse of discretion. *See Marine Am. State Bank v. Lincoln*, 433 N.W.2d 709, 713 (Iowa 1988). Finding no abuse of discretion, we affirm the trial court's denial of defendants' request for discovery sanctions.

Defendants' final contention is the trial court erred in assigning costs to the parties. The trial court assessed costs one-third to plaintiff and one-third to each defendant. We affirm the trial court's assessment of costs. Costs on appeal are taxed one-half to plaintiff-appellant and one-half to defendants-appellees.

The decision of the trial court is affirmed in all respects.

AFFIRMED.