**Kenneth HILLRICHS and Loretta Hillrichs, Appellees,**

v.

**AVCO CORPORATION, Appellant.**

No. 92–2074.

Supreme Court of Iowa.

March 23, 1994.

---

Kevin M. Reynolds and Maureen Roach Tobin, of Whitfield & Eddy, P.L.C., Des Moines, for appellant.

Randy V. Hefner, of Van Werden, Hulse & Hefner, Adel, Michael H. Figenshaw, of Bradshaw, Fowler, Proctor & Fairgrave, Des Moines, and Martin E. Spellman and Thomas L. Spellman, of Spellman, Spellman, Spellman, Spellman, Kealhofer & Spellman, Perry, for appellees.

Considered by McGIVERIN, C.J., and HARRIS, LARSON, LAVORATO, and NEUMAN, JJ.

McGIVERIN, Chief Justice.

This case raises several issues arising out of an "enhanced injury" claim in a products liability action. We affirm the district court's judgment in all respects.

I. *Background facts and proceedings.* This is a products liability action concerning a "New Idea Unisystem" cornpicker manufactured by defendant Avco Corporation in 1966. Plaintiff Kenneth Hillrichs purchased the used cornpicker in 1986. In November of that year, while Hillrichs was operating the cornpicker alone, the husking bed became plugged with corn "trash." Hillrichs left the machine running and attempted to unplug it. While doing so, he caught his right (dominant) hand between two rollers, which continued to spin at about two to four revolutions per second for about 1800 seconds. An assistant finally came on the scene and turned off the power, but Hillrichs's hand had remained trapped in the rollers for about half an hour.

The accident resulted in the eventual amputation of the four fingers on Hillrichs's right hand. Hillrichs, his wife, and his children (hereinafter "Hillrichs" or "plaintiff") brought suit on the theories of negligence, strict liability, and breach of implied warranties against Avco and the dealer that sold Hillrichs the base power unit (or tractor) for the cornpicker. A jury found Hillrichs to be 100% at fault for his injuries and judgment was entered against Hillrichs.

Hillrichs appealed. We affirmed in part but reversed and remanded the case for a new trial on the negligence claim with respect to Avco's liability, if any, for plaintiff's "enhanced injuries." *Hillrichs v. Avco Corp.,* 478 N.W.2d 70, 75 (Iowa 1991) [hereinafter *Hillrichs I* ]. Hillrichs claimed that Avco negligently failed to include an emergency stop device on the rear of the husking bed near the point where he caught his hand and that this failure resulted in an unnecessary enhancement of his injuries.

Prior to the second trial, the district court granted Hillrichs's motion in limine, excluding from use before the jury Avco's model of the type of rollers used in the husker as produced in 1966. The court determined

that the defendant's late disclosure of the model, made on the day before the trial, resulted in unfair surprise to plaintiff Hillrichs. The defendant wished to show, by the use of the model and expert testimony, that Hillrichs's injuries occurred within a few seconds after he caught his hand in the roller. Therefore, according to the defendant, even if Hillrichs could have shut off the machine it would have been too late and no additional damages could be associated with the lack of an emergency stop device.

The jury returned a verdict finding Avco eighty percent at fault and Hillrichs twenty percent at fault. The jury awarded Hillrichs $919,541.60 in compensatory damages. It also awarded $1 million in punitive damages against Avco.

In ruling on defendant's posttrial motions for judgment notwithstanding the verdict and for a new trial, the district court set aside the punitive damages award, concluding that the plaintiff failed to prove that defendant Avco acted with willful and wanton disregard for the rights of another. The court also set aside the jury's $50,000 award for future medical expenses due to lack of evidence to support it. The court overruled the rest of defendant's posttrial motions. It therefore entered a judgment of $869,541.60 against Avco after deducting the twenty percent fault attributed to plaintiff.

The jury also made awards and judgment was entered against Avco in favor of Hillrichs's wife and children on their consortium claims. That judgment is not directly involved in the issues on appeal.

Avco appealed and Hillrichs cross-appealed.

Defendant Avco raises four points on appeal. The defendant contends that: (1) there was insufficient evidence to support a design defect claim; (2) there was insufficient evidence to support submission of the enhanced injury claim; (3) the court abused its discretion in refusing to allow the defendant to use a model of the type of husker rollers in which Hillrichs caught his hand; and (4) defendant was denied a fair trial because the jury foreman was a friend of Hillrichs.

On cross-appeal, plaintiff Hillrichs argues that: (1) the district court erred in setting aside the punitive damage award; and (2) in light of our decision in *Reed v. Chrysler Corp.*, 494 N.W.2d 224, 230 (Iowa 1992), Hillrichs's judgment should not be reduced by the fault attributed to him.

Additional facts are stated in *Hillrichs I*, 478 N.W.2d at 71–72, and in the following discussion.

II. *Sufficiency of evidence.* Defendant first raises two assignments of error based on the insufficiency of evidence supporting plaintiff's claim. Our scope of review is for correction of errors at law. Iowa R.App.P. 4. In considering the propriety of a motion for directed verdict or judgment notwithstanding the verdict, the evidence must be viewed in the light most favorable to the nonmoving party. *See* Iowa R.App.P. 14(f)(2). The district court has broad but not unlimited discretion in considering Avco's motion for new trial and whether the verdict effectuated substantial justice. Iowa R.App.P. 14(f)(3).

A. *Design defect claim.* Defendant first contends that the plaintiff failed to establish that defendant was negligent in designing the New Idea Unisystem cornpicker without a rear emergency stop device. We disagree.

■ Defendant Avco had a duty to design the husking bed to be reasonably safe when used in a reasonably foreseeable manner. *Hillrichs I*, 478 N.W.2d at 74–75. This duty required Avco to anticipate the possibility that the machine would be used in a dangerous but foreseeable manner. *See Tafoya v. Sears Roebuck & Co.*, 884 F.2d 1330, 1338 (10th Cir.1989) ("[C]ollisions and accidents are natural, foreseeable consequences of automobile use.").

■ Plaintiff put on evidence that defendant knew, at the time it manufactured the husking bed, that farmers often attempted to unplug the husking rollers while they were operating. Expert testimony supported the plaintiff's contention that the defendant could have installed an emergency stop device for less than $50 and that at the time defendant designed the Unisystem such devices appeared on other machines that incorporated rollers, such as printing presses.

■ Defendant argues that its design comported with the farm implement industry's custom and practice in the manufacturing of cornpickers, noting that husking beds have never had emergency stop devices. Assuming this is true, it is not a complete defense. Proof that the defendant comported with the state of the art of the time of manufacture is a defense to a design defect claim, but custom and practice is not the same as state of the art. *See Chown v. USM Corp.*, 297 N.W.2d 218, 221–22 (Iowa 1980).

■ Defendant further contends that the district court's ruling granting judgment notwithstanding the verdict on the jury's award of punitive damages established the design of the machine to be reasonable as a matter of law. We reject this contention. Indeed, in many cases a plaintiff will establish the defendant's negligence but will fail to establish by clear, convincing, and satisfactory evidence that a defendant willfully and wantonly disregarded the rights or safety of another. Iowa Code § 668A.1(1)(a) (1991); *see Beeman v. Manville Corp. Asbestos Disease Compensation Fund*, 496 N.W.2d 247, 255–56 (Iowa 1993).

■ B. *Enhanced injury.* Defendant also argues that the plaintiff failed to prove that he suffered enhanced injury, contending that the injuries that led to the amputation of his four fingers occurred within a few seconds of his hand getting caught in the husker bed rollers.

We believe sufficient evidence on this issue existed for the jury's consideration. For instance, Hillrichs offered into evidence the deposition of Dr. Walker, an orthopedic surgeon. Dr. Walker stated that he had no doubt that Hillrichs suffered greater injuries by having his hand caught in the moving rollers for 1800 seconds than he would have suffered if he had been able to shut off the rollers by means of an emergency stop device. This statement was corroborated by the testimony of Professor Hall, an engineer at Iowa State University, as well as that of Dr. Dougherty, plaintiff's own treating physician. In addition, plaintiff testified that he felt and experienced more damage to his hand the longer it remained entangled in the husker rollers.

We conclude the district court properly overruled defendant's motions for directed verdict and for judgment notwithstanding the verdict as to these assignments of error.

■ III. *Exclusion of defendant's demonstrative model.* Defendant contends that the district court erred in refusing to permit its use at trial of a model of the husking rollers of a new 1966 cornpicker. Defendant first showed the model to plaintiff's attorney the day before trial started. The district court concluded that, because defendant failed to produce the model prior to the stipulation and settlement conference the previous week as required by Third Judicial District Rule 2.4(6), to permit defendant to use the exhibit would unfairly surprise and prejudice the plaintiffs. We agree with the district court's ruling.

A trial court has broad discretion in ruling upon evidentiary issues, and we will reverse a judgment for error in excluding evidence only when a substantial right of the party is affected and a proper offer of proof has been made. Iowa R.Evid. 103(a)(2); *see Parrish v. Denato*, 262 N.W.2d 281, 286 (Iowa 1978).

The district court relied on local rule 2.4(6), which provides in pertinent part that "[a]ll exhibits, except those for rebuttal or impeachment, shall be produced for inspection by opposing counsel at the stipulation and settlement conference." Because the defendants produced the exhibit after the conference and just before trial, the district court excluded the exhibit. The court further noted that defendant had ample opportunity to prepare its model in time for the stipulation and settlement conference. The case at that point was already five years old and had been appealed and remanded on the issue for which defendant wished to use the model—whether the design of the husker roller apparatus enhanced plaintiff Hillrichs's injuries after he became entangled in the rollers.

Defendant argues that the rule did not apply to its model because it planned only to use the model for rebuttal and impeachment. As the district court correctly observed, however, defendant made this argument for the

first time in its postverdict motion. Error was not preserved. *See State v. Johnson,* 272 N.W.2d 480, 483 (Iowa 1978) (failure to object at earliest opportunity will result in waiver of alleged error).

■ Defendant also argues that the district court erred in considering plaintiff's motion in limine to exclude defendant's model after the time required by local rule 2.4(8). Although that rule states that motions in limine are to be filed by the Friday before trial, we believe the district court properly sustained the objection this motion contained. As the court wisely reasoned,

> A motion in limine can scarcely be expected to be made until the basis for it is known to the movant. The attorneys for the plaintiffs never saw the proposed exhibit until after the Friday before trial, so their failure to make the motion before they saw the model is understandable. In any event, plaintiffs had a right to object to the exhibit, and the fact that the objection was made through the vehicle of a motion in limine should not mean it must be denied because made after Friday. Nothing in the rules bars an objection to an exhibit not produced for inspection at the stipulation conference. For the court to say that an objection made on the date of the trial would be good but if the objection is made in a motion in limine on the date of trial it is barred would be to truly elevate form over substance.

■ In addition to that reasoning, we believe that exclusion of the model did not affect Avco's substantial rights. Avco intended to use the model to establish that the gap between the rollers was so narrow that the full extent of plaintiff's injury must have occurred within a few seconds of his hand getting caught. Defendant had adequate other evidence, including photographic exhibits and expert testimony, to support this theory. We find no abuse of discretion in the exclusionary ruling. *See Schuller v. Hy–Vee Food Stores, Inc.,* 328 N.W.2d 328, 331 (Iowa 1982); *Fuches v. S.E.S. Co.,* 459 N.W.2d 642, 645–46 (Iowa App.1990).

IV. *Jury misconduct.* Defendant Avco next contends that the district court erred in denying it a new trial on the ground that the jury foreman, Rick Easton, was a friend of the plaintiff. The district court rejected this argument, noting that defendant produced no evidence of any misconduct or any improper jury influence. We agree.

The district court has wide discretion in determining whether alleged jury misconduct is prejudicial. *Iowa–Illinois Gas & Elec. Co. v. Black & Veatch,* 497 N.W.2d 821, 828 (Iowa 1993). Unless an abuse of discretion is clearly shown, we will uphold the district court's ruling. *Id.*

■ The impact of alleged misconduct is judged by all allowable inferences brought to bear on the record as a whole. *Doe v. Johnston,* 476 N.W.2d 28, 35 (Iowa 1991). In this case, Avco discovered during voir dire that Easton knew the plaintiff and seemed satisfied with his statement that he could remain fair and impartial. Although Easton's statement indicated potential bias, counsel for Avco did not pursue that issue and passed that juror and the rest of the panel for cause.

Defendant argues that the district court erred because it based its ruling on the absence of any juror affidavits. Defendant points to the incompetence of any evidence of the internal deliberations of the jury. *See Ryan v. Arneson,* 422 N.W.2d 491, 494–95 (Iowa 1988) (interpreting Iowa rule of evidence 606(b)). We reaffirm the rule we set forth in *Ryan.* We believe adequate support for the district court's ruling existed in its conclusions that defendant waived this ground of misconduct when it failed to pursue Easton's acquaintance with the plaintiff and that no competent evidence suggested misconduct, untruthful answers on voir dire, or improper influence. *See State v. Hennessey,* 405 N.W.2d 846, 849 (Iowa 1987).

V. *Punitive damages.* In its cross-appeal, plaintiff contends that the district court erred in setting aside the jury's punitive damages award in sustaining a portion of defendant's motion for judgment notwithstanding the verdict. The district court concluded that plaintiff failed to establish by a preponderance of clear, convincing, and satisfactory evidence that defendant Avco's conduct constituted willful and wanton disregard

for the rights or safety of another. *See* Iowa Code § 668A.1. We agree with the district court.

When reviewing a motion for judgment notwithstanding the verdict, we consider whether the evidence, taken in the light most favorable to the nonmoving party, regardless of whether the evidence was contradicted, and taking every legitimate inference that might be fairly or reasonably deduced therefrom, shows that the movant was entitled to a directed verdict at the close of all evidence. *Beeman*, 496 N.W.2d at 255.

 Plaintiff does not dispute defendant's evidence that when Avco engineers decided not to install emergency stop devices on the Unisystem's husker apparatus, they based their decision on the so-called "dependency hypothesis," the theory that the product as designed would discourage farmers from making contact with the roller bed and that the plaintiff's proposed device would invite farmers to unreasonably depend on it despite the dangerousness of the husking roller bed.

As we concluded in division II–A above, we agree that plaintiff generated a jury question on the negligence issue as to the reasonableness of this decision based on the foreseeability that farmers might nevertheless attempt by hand to unplug a running machine. Plaintiff contends that this generalized knowledge of possible danger, coupled with defendant's failure to test an emergency stop device, generated a jury question on punitive damages. We believe this evidence supports precisely the opposite conclusion—namely, that an award of punitive damages is inappropriate when room exists for reasonable disagreement over the relative risks and utilities of the conduct and device at issue. *Larson v. Great West Casualty Co.*, 482 N.W.2d 170, 174 (Iowa App.1992) (citing *Kehm v. Procter & Gamble Mfg. Co.*, 724 F.2d 613, 623 (8th Cir.1983)); *see also Burke v. Deere & Co.*, 6 F.3d 497, 511 (8th Cir.1993) (Iowa law) (citing *Larson* and *Kehm* ), *cert. denied*, —— U.S. ——, 114 S.Ct. 1063, 127 L.Ed.2d 383 (1994).

There was no clear, convincing, and satisfactory evidence that the act of defendant in not installing an emergency stop device was an act of an unreasonable character in disregard of a risk that was so great as to make it highly probable that harm would follow. *Fell v. Kewanee Farm Equip. Co.*, 457 N.W.2d 911, 919 (Iowa 1990). Nor did the evidence support an inference that the manufacturer took the position it did for its own economic advantage. *Id.* at 919–20. Thus, although a jury could reasonably deem this conduct negligent, we believe that no reasonable jury could deem it as a willful and wanton disregard of the rights of another.

VI. *Apportionment of plaintiff's fault for enhanced injury.* In *Hillrichs I,* 478 N.W.2d at 76, we said:

> Although plaintiff suggests that any percentage of fault that might be assigned to him with respect to the initial entanglement in the machinery may not be assessed to him on the trial of his enhanced injury claim, we disagree with that contention. The fault of the plaintiff, if any, in becoming entangled in the machinery would be a proximate cause of the enhanced injury as well as the initial injury. On retrial of the negligence claim, the jury should be so instructed.

On remand for retrial as to the plaintiff's enhanced injury claim, the district court followed our direction in instructing the jury. The jury found plaintiff twenty percent at fault in causing his enhanced injury. Plaintiff made no objection to this procedure at the trial.

In its other assignment of error on cross-appeal, plaintiff nevertheless contends that we should reverse the district court's apportionment of plaintiff Hillrichs's fault as a proximate cause of his enhanced injury, pointing to our later recent decision in *Reed v. Chrysler Corp.*, 494 N.W.2d 224, 230 (Iowa 1992), in which we barred any consideration of the plaintiff's initial negligence in an enhanced injury claim. Before we filed *Reed,* however, the district court in the present case had already entered judgment, deducting twenty percent from the total compensatory damages the jury awarded on behalf of the plaintiff.

When a case is retried under a rule that we dictate on appeal, that rule becomes law of the case. *Anthon State Bank v. Bernard,* 198 Iowa 1345, 1350–51, 201 N.W. 59, 61–62 (1924). Therefore, our rule binds the trial court and this court even when we have abandoned that rule in decisions filed after the second trial but prior to the second appeal. *See id.* The district court tried this case as we instructed, allowing plaintiff's initial fault in getting his hand entangled to be considered in connection with the cause of the alleged enhanced injury. Merely because the apportionment rule in *Hillrichs I* was overruled in *Reed* does not affect the record or the law in this case.

A diligent reading of our case law reveals that the timing of the subsequent trial in relation to the intervening change in the law controls the inquiry in these kinds of cases. For instance, if we had decided *Reed* before the second Hillrichs trial, *Reed* would have established the controlling rule for that trial. *See Reich v. Miller,* 260 Iowa 929, 938, 151 N.W.2d 605, 610 (1967). Similarly, if our decision in the present appeal arising out of the second trial reversed the district court's judgment on other grounds, *Reed* would apply in a third Hillrichs trial. *See Barton v. Thompson,* 56 Iowa 571, 572, 9 N.W. 899, 899–900 (1881).

However, because we decided *Reed* after we filed *Hillrichs I* and after the second Hillrichs trial was held, we conclude that *Hillrichs I* established the law of this case on this point. There is no merit to this assignment, even if plaintiff had preserved error on the point at the second trial.

VII. *Disposition.* We find no merit in either the plaintiff's or the defendant's assignments of error. We affirm the district court's judgment in all respects.

**AFFIRMED ON BOTH APPEALS.**