**NOTELZAH, INC., Appellant,**

v.

**Delmon DESTIVAL, et al., Appellees.**

**NOTELZAH, INC., Appellant,**

v.

**IOWA DEPARTMENT OF TRANSPORTATION,
Appellee.**

No. 94–116.

Supreme Court of Iowa.

Sept. 20, 1995.

Franklin W. Sauer, Independence, for appellant.

Larry F. Woods, Oelwein, for appellees Delmon Destival, et al.

Thomas J. Miller, Attorney General, David A. Ferree, Special Assistant Attorney Gener-al, and Mark Hunacek, Assistant Attorney General, for appellee Iowa Department of Transportation.

Considered by McGIVERIN, C.J., and LARSON, CARTER, NEUMAN, and TERNUS, JJ.

NEUMAN, Justice.

This case is the second chapter in a controversy surrounding title to and compensation for an abandoned railroad right-of-way in Hazelton, Iowa. Plaintiff Notelzah, Inc. appeals the district court's decision quieting title to portions of the land in the defendants under Iowa Code section 473.2 (1975), denying its claim for compensation under Iowa Code chapter 560 (1993), awarding adjacent landowners rent for the years in which Notelzah was in possession, and denying Notelzah's claim of due process violation. Defendant Delmon Destival and other adjoining landowners cross-appeal the court's refusal to award them interest and for allegedly undervaluing the damages flowing from Notelzah's wrongful occupation of their land. The Iowa Department of Transportation (DOT) also cross-appeals the district court's refusal to recognize it as an adjacent landowner, entitled to reversion, as to part of the right-of-way. We affirm in part and reverse in part on the appeal, affirm on the cross-appeal, and remand for entry of a corrected judgment.

The Chicago, Rock Island, and Pacific Railroad operated a line through Hazelton until the Interstate Commerce Commission granted permission to abandon the track in 1976. In 1981, the railroad transferred by quit claim deed a portion of its interest in the right-of-way to Notelzah for approximately $25,000. Notelzah later filed a quiet title action claiming ownership of five separate parcels of land (each less than one acre) comprising a portion of the right-of-way. The trial court quieted title to all tracts in Notelzah, but this court reversed on appeal. *See Notelzah, Inc. v. Destival,* 489 N.W.2d 744, 745 (Iowa 1992) (*Notelzah* I).

We concluded in *Notelzah* I that Notelzah held fee title to only one of the tracts of land;

as to the other four, the railroad conveyed only an easement that expired eight years after abandonment. *Id.* at 746. Under Iowa Code section 473.2 (1975), the abandonment statute in effect at the time, title to the property reverted to the owners of the land adjacent to the right-of-way. *Id.* at 747. Without addressing the neighboring landowners' contentions or Notelzah's claim for taxes and improvements, we reversed and remanded for further proceedings. *Id.*

In the meantime, while *Notelzah* I was pending, plaintiff brought an inverse condemnation action against the department of transportation. The DOT had obtained tracts within the right-of-way from the original defendant landowners in order to construct a highway. Notelzah, asserting that it was the rightful owner of the property, claimed the DOT had taken it without just compensation. The district court permitted the DOT to intervene in the remanded quiet title action and, with the consent of all parties, consolidated the quiet title and inverse condemnation actions.

Following trial, the district court quieted title in the defendant landowners pursuant to this court's holding in *Notelzah* I; found insufficient proof to sustain Notelzah's claim for compensation but entered judgments offsetting Notelzah's claim for taxes paid against reasonable rent that could have been claimed by the defendants; and denied the DOT's claim to one of the parcels. This appeal by Notelzah and cross-appeal by the adjoining landowners and the DOT followed.

■ Because these consolidated actions were tried in equity, our review is de novo. *Notelzah* I, 489 N.W.2d at 745; *Moser v. Thorp Sales Corp.*, 312 N.W.2d 881, 886 (Iowa 1981). We also review de novo Notelzah's constitutional claim regarding an alleged due process violation. *Baker v. Webster County*, 487 N.W.2d 321, 323 (Iowa 1992).

■ I. Notelzah first argues that the district court, in determining that the disputed land reverted to the adjacent landowners, incorrectly applied Iowa Code section 473.2 (1975). It claims that Iowa Code section 327G.77 (1981) (renumbered from section 473.2 in 1976) applies because it was in effect when Notelzah *purchased* the railroad's interest in the right-of-way. Its position is directly contrary to this court's holding in *Notelzah* I. There we concluded that the governing reversion statute "is the one in effect at the time of *abandonment.*" *Notelzah* I, 489 N.W.2d at 747 (emphasis added). We went on to find that the railroad abandoned the right-of-way in 1976 and, therefore, section 473.2 applied. *Id.*

■ When a case is retried under a rule dictated on appeal, that rule becomes the law of the case. *Hillrichs v. Avco Corp.*, 514 N.W.2d 94, 101 (Iowa 1994). The district court on remand, and this court on appeal, are bound by the rule announced in *Notelzah* I. *Id.* We therefore affirm the district court's application of section 473.2 to the facts of this case.

■ II. Notelzah next argues the district court erred in failing to award it the value of improvements made upon the right-of-way during its occupation. When an occupant of real estate holds color of title and has, in good faith, made valuable improvements but is thereafter adjudged not to be the owner, Iowa Code chapter 560 provides relief. *See* Iowa Code § 560.1. Such person may petition a court for the value of the improvements made upon the land. *Id.* § 560.3. The petitioner must, however, accurately establish the value of the land and the improvements. *See id.* Upon reviewing the record, we agree with the district court that Notelzah failed to fulfill the requirements of chapter 560 and conclude that it was properly denied compensation for any improvements to the right-of-way.

Notelzah claimed that it improved the land by surveying and platting it as well as clearing and leveling it with fill dirt. At trial, however, Notelzah failed to provide proof of its expenditures (alleged to be in excess of $10,000) or evidence of any enhanced market value of the land. No expert appraisers testified regarding added value, nor did Notelzah present receipts for any improvements. The only evidence offered supporting alleged enhancements came from Gerald Horkheimer, president and sole owner of No-

telzah. The district court found his testimony too vague and general to be given any credibility. On our de novo review we concur in that assessment. Notelzah has failed to establish that any significant value was added to the right-of-way during its occupation.

■ III. Notelzah also argues the district court erred in awarding the adjacent landowners rent for the years 1984–1993 during which time it occupied the right-of-way. We have previously held that where a party has had wrongful possession of property, damages may be assessed in the form of rent payable to the rightful owners. *See Moser*, 312 N.W.2d at 900; *Barlow v. Childe*, 208 N.W. 207, 208 (Iowa 1926). Since Notelzah's wrongful occupation of the right-of-way began in 1984, eight years after the railroad's abandonment, the district court was correct in awarding the adjacent landowners rent.

■ In the alternative, Notelzah contends the court erred in calculating the amount of rent owed. It claims the district court incorrectly valued the right-of-way by comparing it to other property sold to the DOT under threat of condemnation. Notelzah further argues the defendants failed to prove the abandoned right-of-way could be put to income-producing use during its time of occupation.

■ We first note that the sale of one property need not be identical to the sale of another in order to use the transaction as evidence of the property's value. It is enough that the sales are similar. *Redfield v. Iowa Highway Comm'n*, 251 Iowa 332, 341, 99 N.W.2d 413, 418 (1960). They were in this case. Second, in a case such as this, we permit trial courts to adjudicate rental damages based on the prevailing equities. *Moser*, 312 N.W.2d at 901; *Bjornstad v. Fish*, 249 Iowa 269, 281, 87 N.W.2d 1, 8 (1957); *Barlow*, 208 N.W. at 208. The record before us contains substantial evidence from expert witnesses regarding the value of the right-of-way and other property in Hazelton to support the district court's judgment.

■ Finally, Notelzah claims the court erred in its judgment entry by offsetting the rent Notelzah owed the defendants with the amount of property taxes Notelzah paid on the right-of-way during the years of occupation. Notelzah is correct. Under Iowa Rule of Civil Procedure 225, a claim and counterclaim shall not be offset except by agreement of the parties or as required by law. *See H–L Apartments v. Al–Qawiyy*, 440 N.W.2d 371, 373 n. 1 (Iowa 1989). Neither of the exceptions apply here. Therefore, the case must be remanded to the district court for entry of separate judgments for the parties' damages.

■ IV. Notelzah concludes its appeal by arguing the court's denial of its claim to just compensation from the DOT denied it due process. The contention is entirely without merit. Before a deprivation of due process can be claimed, a person must demonstrate entitlement to a liberty or property interest that has been violated. *Estabrook v. Iowa Civil Rights Comm'n*, 283 N.W.2d 306, 309 (Iowa 1979). Such a claim must be premised on more than a unilateral expectation of ownership in the property. *See id.* at 310. Notelzah possessed only an easement that expired in 1984. Without a legitimate claim of entitlement, Notelzah's claim of due process violation cannot stand.

■ V. On cross-appeal, the defendant landowners raise two issues. First, they claim the district court erred in awarding them interest on their judgment only from the date of its entry and not from the date Notelzah's easement expired in 1984. We conclude from the record that a reasonable rate of return was included in the court's equitable calculation of the judgment for rent. No abuse of the trial court's discretion in such matters appears. *See Moser*, 312 N.W.2d at 901.

For the reasons already given in division III, we also reject defendants' claim that the court's damage award is insufficient. The values found by the court are clearly supported by the evidence. We concur in the court's assessment of the equities and affirm the award made.

■ VI. Finally, the DOT claims on cross-appeal that the district court erred by failing to recognize it as an adjacent land-

owner to a portion of the right-of-way in accordance with Iowa Code section 327G.77. It bases its claim on two facts: It holds a permanent easement in the land immediately west of the right-of-way and it is the fee owner of a small strip of land adjacent to its easement.

 The trial court quieted title in the property to the defendant landowners immediately west of the DOT's property and, we think, rightly so. Mere entitlement to an easement does not fulfill section 327G.77's requirement that the land revert to the *owner* of adjacent property. Furthermore, by quieting title in landowners other than the DOT, the trial court more closely fulfilled the intent behind section 327G.77. Reverting property to adjacent landowners ensures that a small parcel will become more economically useful as part of a larger whole, and minimizes the risk that a small strip of land will be used in a way that is obnoxious or menacing to adjacent landowners. *See Harvest Queen Mill & Elevator Co. v. Sanders*, 189 Kan. 536, 370 P.2d 419, 422 (1962).

To summarize, we affirm the district court's judgment quieting title in the defendants, not Notelzah, and denying compensation to Notelzah except for property taxes paid in the good-faith belief it was the owner. Likewise, we affirm the district court's judgment for rent due the defendant landowners while Notelzah occupied the land. We remand, however, for entry of separate judgments on these latter two claims pursuant to Iowa Rule of Civil Procedure 225. In all other respects we affirm the judgment of the district court.

**AFFIRMED IN PART AND REVERSED IN PART ON APPEAL; AFFIRMED ON CROSS-APPEAL AND REMANDED WITH INSTRUCTIONS.**